D. F. WILSON and others *v.* R. J. ABRAMS, Adm'r., and others.

The proper practice in a proceeding against an Administrator, who at the time was Judge of Probate, seems to be, to make the summons returnable before him, and then, under the provisions of the act of 1871–'72, chap. 197, transfer the whole proceedings before the District Judge, who will make the necessary orders in the premises.

Exceptions to the report of a refereee, that he adopted a former settlement as the foundation of his report ; that he stated no evidence upon which he found the facts reported ; that he filed no vouchers nor receipts, nor did he refer to any authorizing the disbursements reported ; and that he did not state when certain judgments were obtained, are all well taken, and the report was properly set aside.

SPECIAL PROCEEDINGS, (petitioner against an administrator for a settlement,) tried upon exceptions to the report of a commissioner, before *Logan, J.,* at Spring Term, 1873, of the Superior Court of POLK County.

The plaintiffs are the distributees and next of kin of Charles Wilson, deceased, of whose estate the defendant, R. J. Abrams, is the administrator. The summons was returnable before the Judge of Probate, who was at the time, Abrams, the adminis-

trator, on the 2nd Monday of March, 1870, at which time Abrams having accepted service, filed his answer. At the time the answer was put in, by order of the Court, (his Honor,) it was referred to R. W. Logan, to take an account of the administration. The case was thereafter continued on the Superior Court docket, from term to term, until Fall Term, 1871, when the referee made his report, to which report plaintiffs excepted. The first six being the only exceptions considered by this Court, are as follows:

1st. The Commissioner adopted the settlement of the administration made *ex parte* with the Court, in 1860, instead of going back to the inventory and the sale list of the administrator.

2nd. The Commissioner has not reported the evidence, upon which he bases his report, neither as to receipts nor disbursements.

3. None of the vouchers and receipts allowed, have been filed, numbered or referred to, so as to enable any person to see or examine them.

4th. He has not stated when the Confederate money on hand was collected, and on what account; so as to show whether the administrator is accountable for it in good money or otherwise.

5th. He has not reported when the judgment for $1,947.90 on J. S. Ford and others was obtained.

6th. Nor the judgment on the note of D. F. Wilson, $335.19, and others.

(Other exceptions omitted.)

At Spring Term, 1873, the exceptions were overruled by his Honor, and at Fall Term succeeding, plaintiffs moved to vacate the order overruling the exceptions, and confirming the report, for want of jurisdiction; and furthermore, that the cause be transferred to the Court of Probate of some other county in the judicial district, for the reason that defendant was Judge of Probate of the county wherein the case was pending.

Both motions being refused by his Honor, the plaintiffs appealed.

*McCorkle & Bailey* and *J. C. L. Harris,* for appellants, filed the following brief :

I. As to jurisdiction : Superior Court has two departments ; the Court of Probate, under the control of the Judge of Probate, and the Superior Court proper, under the control of the Judge of the District. The jurisdiction of the Court of Probate, which is expressly defined in the Constitution, Art. X., sec. 17, is original, and cannot be exercised by the Judge of the Superior Court, except upon appeal. *Hunt* v. *Sneed and wife,* 64 N. C. R. 180 ; *Rowland* v. *Thompson, Guardian, Ibid* 714 ; *McAdoo* v. *Benbow,* 63 N. C. R. p. 461. The order of reference was made at Fall Term, 1870. At that time his Honor had no power to make the order.

If the proceedings were returnable to the regular term, the principle laid down in *Hunt* v. *Sneed and wife, Rowland* v. *Thompson* and *McAdoo* v. *Benbow,* applies.

The jurisdiction of the Probate Court being a constitutional grant, the curative act of 1870-'71, chap. 108, cannot effect the question of jurisdiction, for the power to ratify cannot be ex ercised except where the party exercising, could originally create the jurisdiction.

Treated as in the Probate Court, the Judge of Probate should have taken an account and rendered judgment, as his Honor could only take jurisdiction on appeal, except to try an issue of fact transferred, *unless* he had been called upon pursuant to the provisions of the Act of 1871-'72.

The record does not show how the matter got before the Judge of the district.

II. As to the exceptions :

1. A master in taking an account cannot act upon facts of his own knowledge. 2 Dev. & Battle's Equity, 229, *Bissell* v. *Boyman* ; *Larkins* v. *Murphy,* 68 N. C. R. p. 381.

2nd Exception. A commissioner to whom a matter has been

referred by the Court, should state in his report all the evidence, upon which the report is founded, otherwise it will be set aside. *Mitchell* v. *Walker*, 2 Ired. Equity, 621.

When a case is referred to a Clerk and Master, he must state in writing, in his report to the Court, all the testimony heard by him, and upon which his report is founded. *Faucett* v. *Mangum*, 5th Ired. Equity, p. 53.

3d Exception. If the Master allows items in an executor's or administrator's account, without vouchers therefor, and does not state the evidence upon which the allowance is made, the items, will upon exception taken to them, be again referred to the Master, that he may revise them and set forth the grounds of his allowance, so that the Court may be enabled to decide upon the correctness of his judgment. *Peyton* v. *Smith*, 2 Dev. & Bat. Equity, 325.

4th Exception. The report ought to state everything the reference directs. It ought, therefore, to show in the case of the receipt of Confederate money, when the same was received and under what circumstances. *Quintz* v. *Quintz*, 2 Haywood, 182.

When a report is made upon accounts exhibited to the Master, such accounts should accompany the report, that the Court may see the correctness of the Master's inferences. *Jeffreys* v. *Yarborough*, 2 Hawks, 307.

5th Exception. *Quintz* v. *Quintz*, supra.

*Schenck*, contra.

READE, J. The Court of Probate has jurisdiction "to audit the accounts of executors, administrators and guardians," under the Code, subject to transfer and appeal, as in other cases. See also, Con. Art., IV, sec. 17.

Where a Judge of Probate was, at the time of his election, administrator of an estate, it was supposed to be contrary to principle that he should audit an account of his own; and, therefore, the act of 1871–'72, chap. 197, sec. 1, provides that

in such case the Judge of the Superior Court may make such order as may be necessary in the settlement of the estate; and may audit the accounts or appoint a Commissioner to do so, and report to the Judge for his approval, &c.   See Battle's Rev., chap. 90, section 6.   And when the account is approved by the Judge, he shall order the Judge of Probate to make the proper record.

In the case before us, the defendant was Probate Judge, and was administrator at the time he was elected.   So that it is a case in which he could not audit the account, and falls under the act aforesaid, authòrizing the Judge of the Superior Court to act.

The summons was returnable before the Probate Judge; but the record does not show that any action was taken by him, or that the parties moved before him, and the next we hear of the case it is before the Judge in term, and the plaintiff files his complaint and the defendant answers, and the Court refers to a Commissioner to audit the accounts, who reports an account, to which exceptions are filed by the defendant which are over-ruled and the defendant appeals.

This is the first case of the kind that has been before us, and the practice is new.   Inasmuch as the Probate Judge can not audit an account in a case where he is a party, it would seem that the summons ought to be returnable before the Superior Court Judge; but then, the Con., Art. IV, sec. 17, confers upon the clerk jurisdiction to audit the accounts of administrators, &c., without having excepted the case in which he himself shall be the administrator.   The course pursued in this case may be the most convenient solution of the difficulty; return the summons before the clerk or Probate Judge, which answers the constitutional requirement, and then, as the Superior Court has jurisdiction by transfer or appeal, it may proceed under the act of 1871-'72, *supra.*

There is therefore, no force in the objection on the part of the defendant, that the Judge of the Superior Court had no jurisdiction.   He had jurisdiction of the subject matter—origi-

nal under the act aforesaid; appellate under the Constitution and the Code. And he had jurisdiction of the person by reason of the acceptance of service, and the appearance and answer, whatever may have been the irregularity of transferring the case from the Probate to the Superior Court.

The first six exceptions on the part of the plaintiff to the report of the Commissioner are well taken, which show the report to be so radically defective that the account will have to be stated anew, and therefore it is not necessary that we should notice the other exceptions.

The exceptions were considered below at Spring Term, 1873; but his Honor did not deliver his opinion until after the term expired, and therefore the plaintiff had not the opportunity to appeal. This entitled the plaintiff at Fall Term to have the judgment, which had been entered as of Spring Term vacated.

There is error. This will be certified and the case remanded to the end that the judgment may be vacated, the exceptions sustained, (the first six, the others not passed on,) the report set aside, and a new account ordered, and such other proceedings had as the law directs.

PER CURIAM.                    Judgment accordingly.