JAMES M. B. HUNT v. W. M. SNEED and wife.

Jurisdiction over cases seeking from administrators additional securities upon their bonds, is vested in the Clerk of the Superior Court, in his character as Probate Judge.

(*McAdoo* v. *Benbow*, 63 N. C. 461, cited and approved.)

NOTE.—See *Hunt* v. *Sneed, ante* 176.

ORDER, before *Watts, J.,* upon appeal from the Clerk, at Chambers, March 22d 1869, GRANVILLE Court.

His Honor had affirmed an order, made by the Clerk upon application by the plaintiff, that the defendant Sneed, give better security upon his bond as administrator.

The defendant objected, for want of jurisdiction in the Clerk, &c.

The facts are the same as in the case between the same parties, *ante* 176.

*Bragg* for the appellants.
*Graham, contra.*

DICK, J. Clerks of the Superior Court, as Judges of Probate, have jurisdiction to grant letters testamentary and of administration, and to audit the accounts of executors and administrators, &c. Const. Art. IV, sec. 17.

As there are now no Courts of Equity in this State, the jurisdiction of Judges of Probate combines in many respects, the powers of the Court of Chancery and the Ecclesiastical Court in England, on this subject. In England, letters testamentary and of administration, are granted by the Ordinary of the diocese in which the testator, or intestate, resided. The Ordinary was formerly the administrator of such intestate, but the statute 31 Edw. III required him to appoint an administrator, of "the next and most lawful friends" of the intestate; and the statute 22 and 23 Car. II required the Ordinary "to take sufficient bonds with two or more able sureties, respect being had to the value of the estate."

Administrators are the officers of the Ordinaries, and subject to their control in the Eclesiastical Courts. Upon the

application of persons interested in an estate, and upon suffi-
cient cause shown, the Ecclesiastical Court will, by citation,
require the administrator to appear and render an account
of his administration, and renew his bond or justify his sure-
ties. The limited power of the Ecclesiastical Court to en-
force its orders and decrees gave rise to a concurrent juris-
diction in Chancery.

The Court of Chancery regards executors and administra-
tors as trustees, and compels them faithfully to execute their
trusts in administering the assets of the estate in their
hands. In cases in which the Ecclesiastical Court cannot
do complete justice, the Court of Chancery assumes exclu-
sive jurisdiction, and will compel the performance of its or-
ders and decrees by the process of attachment.

The Courts of Equity in this State exercised a similar
jurisdiction until they were abolished by the present consti-
tution. They would not interfere to take an estate out of
the hands of an executor merely on the ground of an insol-
vency which existed at the time of his appointment, for he
derived his power from the will of his testator. If an insol-
vent executor was guilty of a *devastavit,* or any other mal-
administration, then a Court of Equity would have taken
the estate out of his hands by appointing a receiver; or
would have required him to enter into bond with sufficient
sureties to secure the proper administration of the assets.

An administrator was appointed by the officers of the law,
and was required at the time of his appointment, to give
bond with sufficient sureties, to secure the faithful discharge
of the duties of his office; and the courts had ample powers
to enforce the proper performance of such duties, and to re-
quire said bond to be kept at all times sufficient to secure
the object for which it was given. The courts only inter-
fered upon the application of persons directly interested in
the assets, and upon sufficient cause being shown, until their
jurisdiction was enlarged by statute (Rev. Code, chap. 46,
sec. 39,) in behalf of the sureties on the bonds of executors
and administrators.

Under our new system, the Superior Courts have all the powers which formerly belonged to the County Courts, the the Superior Courts of Law, and the Courts of Equity.

The Superior Court has two departments, *i. e..* the Court of Probate, under the control of the Judge of Probate, and the Superior Court proper, under the control of the Judge of the District. The jurisdiction of the Court of Probate, which is expressly defined in the constitution (Art. IV, sec. 17) is original, and cannot be exercised by the Judge of the Superior Court except upon appeal. The constitution (Art. IV, sec. 17,) provides for the extension of the powers of the Judge of Probate "to such other matters as shall be prescribed by law," but this jurisdiction may be modified at any time by the Legislature: *McAdoo* v. *Benbow*, 63 N. C. 461.

In the case before us the defendant W. M. Sneed, intermarried with the executrix of the testator, and had given the bond required by law in such cases. He thus became substantially administrator *cum testamento annexo*, and on the adoption of the the constitution, he was subject to the supervision and control of the Judge of Probate of Granville county. The proceedings against the defendants, to compel them to account and give a new bond with additional sureties, or justify the sureties on the old bond, were properly commenced before said Judge of Probate. His powers in this respect are derived from the constitution and the Code of Civil Procedure, and the Act of 1868–'69, ch. 113, only sets forth the forms of proceedings and other details by which those powers are to be exercised. Before the passing of said Act, he had the power to require the defendants to account for the assets of the estate in their hands, and give a new bond with sufficient sureties, or be removed from office, and he might have enforced his orders and decrees, by process of contempt.

As it appears that the estate in the hands of the defendants has been greatly diminished by the results of the late

war, the Judge of Probate should only require a new bond sufficient to secure the assets, with which the defendants are now properly chargeable.

There is no error in the order appealed from.

Let this be certified to the Judge of Probate for Granville county, so that he may proceed with this matter according to law.

PER CURIAM.                    Ordered accordingly.