WM. P. TAYLOR, Adm'r. *de bonis non,* &c., *v.* HARRIET O. BID-
DLE and others.

Judges of Probate in our State are by Art. IV, Sec. 17, of the Constitu-
tion, vested with the general jurisdiction and powers of the Ordinary,
at common law, and with such other additional powers as are conferred
by our statutes; of which the power to remove any administrator for
failing to discharge the duties of his office, prescribe by law, is one.

The powers of our Courts of Probate, both as to jurisdiction and as to
practice and procedure, extend equally to administrations granted
prior and subsequent to the 1st day of July, 1869; and letters of ad-
ministration may be granted to a public administrator subsequent to
1st July, 1869, although the original administration was prior to that
date.

(Bat. Rev. chap. 45, sec. 58 commented on and construed.)

SPECIAL PROCEEDING, to sell real estate for assets, filed in
the Probate Court of CARTERET county, and thence carried by
appeal before *Clarke, J.,* and heard at Chambers January 2d,.
1874.

The petition, praying the sale of six acres of land situate near the town of Beaufort, belonging to the estate of the late Jos. B. Outlaw, was filed June 8th, 1870, and regularly served on the defendants, interested as heirs at law.   On the 2d of January, 1871, a decree of sale was obtained.   January 16th, 1872, Wm. G. Brinson, public administrator of Craven county, files the following record of the Probate Court of Craven county, to wit :

"STATE OF NORTH CAROLINA, )          PROBATE COURT,
          Craven County,   )   Newbern, July 20th, 1870.

In the matter of Wm. P. Mitchell, administrator of Joseph Outlaw.

William P. Mitchell, administrator of Joseph B. Outlaw, having failed to renew his bond and render his annual account, at the time required by law, after service of notice to do so upon him ; on motion, *it is ordered and adjudged*, that the said William P. Mitchell be removed as administrator of the said Joseph B. Outlaw, and that his letters of administration be revoked.

*It is further ordered*, that letters of administration be issued to William G. Brinson, public administrator, and said estate is hereby placed in his hands.

I. E. WEST, Probate Judge."

Whereupon, the said public administrator was made a party to this proceeding.   And under the foregoing order of the Probate Court of Craven, he, the public administrator of that county, claims the right to represent the estate of Joseph B. Outlaw in the future proceedings in this case.

To this Mitchell, the petitioner, replies :

1. That he has not been removed from the office of administrator *de bonis non*, with the will annexed of Joseph B. Outlaw, deceased, as sec. 89 *et seq.* of chap. 113, laws of 1868-'69 have not been complied with in any particular ; and that he is still the administrator, &c.; but if he had been removed, that

2. The public administrator of Craven county, as such, has not and cannot under any circumstances, have jurisdiction, and no Court can give him jurisdiction in this, or any like case. That there are but three cases pointed out in the law, where he can get letters of administration, and that this case is not one of these. Laws of 1868-'69, chap. 113, secs. 6 and 92. Further, the public administrator, as such, cannot have jurisdiction of an estate, where original administration was granted prior to July 1st, 1869.

For the public administrator, it was insisted in answer to this, that the petitioner has been removed and he, himself, appointed in his place, by the only Court having jurisdiction of the matter, and that this Court, (the Probate Court of Carteret,) is bound to give full faith and credit to its properly authenticated record.

In February, 1872, the petitioner reported that in accordance with a former order of the Court, he had sold the land for $87.50, which was well secured, and that the sum was a reasonable price for the same. The Probate Judge, not recognizing the public administrator of Craven as the legal representative of Joseph B. Outlaw, confirmed the report of the petitioner, Mitchell, from which order Brinson, the public administrator, appealed to the Judge of the Third District.

His Honor, Judge Clarke, upon a full consideration of the case, was of opinion that the Probate Judge of Craven had original jurisdiction of the case, and had authority under the law to remove the administrator for adequate cause ; and that in the case presented, the public administrator of Craven was the true and proper representative of the testator, Joseph B. Outlaw. From this judgment, the petitioner, the present plaintiff, appealed.

*Smith & Strong*, for appellant, submitted :

That the only question in the case is as to the right of W. G. Brinson, the public administrator, to displace, and to substitute for Mitchell, the plaintiff.

I. The removal was improper :

1. It was not a case within the provisions of Battle's Revisal, ch. 45, secs. 140, 141 and 142.

2. There should have been a citation or other proceeding, bringing the plaintiff before the Probate Court, and giving him opportunity to show cause. Williams Executors, 377.

3. The right to remove, given in C. C. P., 479, does not dispense with those proceedings giving the party a day in Court.

II. The public administrator is entitled to letters of administration only in the three cases enumerated in Battle's Revisal, ch, 45, sec. 22.

III. The entire law in reference to appointment of public administrators, does not apply to administration prior to July 1, 1869. The petition shows that the administration was granted in December, 1867. Acts of 1869–'70, ch. 58, sec. 1. (Batt. Rev., ch. 45, sec. 58.)

The judgment of the Superior Court was therefore erroneous.

*Justice* and *Hubbard,* contra, argued.

As to the jurisdiction and power of the Probate Judge to remove the administrator Mitchell, see C. C. P., sec. 479.

If Mitchell had been removed, the Court had power to appoint some other person to succeed him in the administration of the estate. Chap. 113, sec. 92, laws of 1868–'69, sec. 6 ; chap. 113, laws 1868–'69; applies only where there has been no administration upon an estate.

In our case an administaator has been removed and another appointed to succeed him.

Mitchell the plaintiff has had his day in Court. See the transcript of the record of the Probate Court of Craven county in the statement of the case. Brinson has been made party as the case shows.

BYNUM, J. At the common law, the Ordinary could repeal

an administration at pleasure, but now, by statute, it cannot be revoked, except for just cause.  1 Williams on Executors, 509.

The Judge of Probate here, by Art. IV, sec. 17, of the Constitution, is vested with the general jurisdiction and powers of the Ordinary, and with such additional powers as are conferred by our statutes.  These statutory powers are contained in Bat. Rev. chap. 45, sec. 25, and chap. 119, sec. 36–'7–'8, and are in affirmance and enlargement of the common law jurisdiction, and are decisive of this case.  These sections of the Revisal, taken together, clearly confer upon the clerk the power of removal for the failure of the administrator to discharge the duties of his office as prescribed by law.  But without invoking the aid of our statutes, the power of removal is inherent in the office at common law, and must of necessity be so, to prevent a failure of justice.  So whether we look to our statutes or outside of them, the Judge of Probate, in the order vacating the administration of Mitchell, after notice served and a day in court, acted within the scope of his jurisdiction and powers. The order of revocation, therefore, cannot be void, and if voidable for irregularity it cannot be impeached, in this collateral way, but only by a direct proceeding for that purpose before the Probate Judge of Craven county, where the letters were granted.

It is, however, contended that this administration, having been originally granted prior to the adoption of the Constitution, and the legislation of 1868, changing the law for the settlement of estates, (chap. 45, Bat. Rev ,) is to be governed by the laws existing prior to July 1st, 1869, the time when chap. 45, Bat. Rev., went into effect.  And inasmuch as no statute then existed, creating the office of public administrator, or providing for the removal of an administrator in the manner it was exercised in this case, the Judge of Probate had no power of removing Mitchell, or of appointing the public administaator as his successor.

The answer to these propositions depends upon the proper construction of chap. 45, Bat. Rev.  As this chapter repeals

chap. 46, Rev. Code, entitled " Executors and Administrators," its provisions must govern this case, both as to the removal and appointment of administrators, otherwise we have no statute law applicable to original administrations granted prior to July, 1869, which is our case. It is perfectly clear from sec. 58 of this chapter, declaratory of the estates to which it applies, and the *proviso* therein that both as to jurisdiction and as to practice and procedure, the powers of the Court of Probate extend equally to administrations granted prior and subsequent to the first of July, 1869. It follows that the Probate Court can grant administration to a public administrator, subsequent to the first of July, 1869, although the original administration was prior to that date. But when he does administer he is to be governed, in the settlement of the estate, by the laws which were in force immediately preceding the first day of July, 1869.

So, from the record before us, it appears that Mitchell was removed and Brinson appointed as administrator *de bonis non,* &c., of the estate of Jos. B. Outlaw. The motion of the defendant, Brinson, to be substituted in the proceedings as plaintiff in the stead of Mitchell, should have been allowed by the Judge of Probate of Carteret. There is no error in the judgment of his Honor reversing the order of the Court of Probate.

This will be certified to the end that further proceedings be had according to law.

PER CURIAM.                                        Judgment affirmed.