*In the matter of* W. G. BRINSON, Public Administrator.

Probate Courts have the power to order the removal of Public Administrators, and at the same time order that they make immediate return and settlement of estates in their hands. The refusal to obey such order is a contempt, which the Probate Court has the power to punish.

(The case of *Taylor* v. *Biddle,* 71 N. C. Rep. 1, cited and approved.)

This was a PROCEEDING by the Probate Judge of CRAVEN county, removing the Public Administrator, heard upon appeal by *Seymour, J.,* at Chambers.

The facts of the case are fully stated in the opinion of the Court.

His Honor reversed the order of the Probate Court finding the defendant for contempt, whereupon the Probate Judge appealed.

*Lehman* and *Stephenson,* for appellant.
*Green,* contra.

SETTLE, J. The Probate Court of Craven County, on the 6th day of September, 1873, made an order, reciting that as W. G. Brinson, Public Administrator of said county, had failed to renew his official bond as required by law, he was removed from said office; and he was ordered to make immediate return to said Court, of all estates in his hands for settlement and for the better securing of the same.

No further step seems to have been taken until the 27th day of March, 1875, when the Probate Court issued another order to the said Brinson, (reciting the facts of his failure to renew his official bond, and to render his accounts as required by law, and his disobedience o the former orders of the Court in that behalf,) and requiring him to appear before the Court on the 4th day of May, 1875, to show cause why the letters of administration theretofore granted to him on certain estates, should not be revoked; and also to show cause why he should not be

attached for contempt, in disobeying the orders of the Court theretofore issued to him as administrator on the said estates.

On the day specified the defendant appeared and contented himself with the simple answer that in September, 1873, he had received notification from the Probate Court of his removal from the office of public administrator, and that one Manix was immediately thereafter appointed by said Court public administrator, and has ever since been recognized as such by the said Court.

He takes no notice whatever of the order requiring him to make return and settlement of the estates, specified in the order, ten in number, nor does he allege that he has settled the said estates with Manix, or any other person ; but so far as appears from the record he has continued to intermeddle with the same without bond or other safeguard for their proper administration after notice of his removal.

A public administrator is required to enter into bond conditioned faithfully to perform the duties of his office and obey all lawful orders of the Probate or other Court, touching the administration of the several estates that may come into his hands.   And he is further required to renew his bond every two years.   Bat. Rev., chap. 45, secs. 18 and 20.   The power of the Probate Court to remove an administrator for a failure to discharge the duties of his office, is conferred by our statutes. But, as is said in *Taylor* v. *Biddle*, 71 N. C. Rep., 1, " without invoking the aid of our statutes, the power of removal is inherent in the office at common law, and must, of necessity, be so, to prevent a failure of justice."

But of what value is an order of removal, if a delinquent administrator can disregard it, and continue to intermeddle with and waste the estate of the intestate ?   When there is a right there should be a remedy.   And such a case is amply provided for by the enactment that " in all cases of the revocation of letters, the Judge of Probate must immediately appoint some other person to succeed in the administration of the estate ; and pending any suit or proceeding between parties

respecting such revocation, the Judge of Probate is authorized to make such interlocutory order as, without injury to the rights and remedies of creditors, may tend to the better securing of the estate." Bat. Rev., chap. 45, sec. 143. But the defendant contends that, upon his removal, he passed beyond the jurisdiction of the Court, and was no longer subject to its orders.

This defence is more technical than reasonable, and if allowed would enable faithless agents and officers to laugh at Courts while abusing their trusts, and to waste everything in their hands before a remedy can be applied.

When troubles arise in the administration of an estate, it is the duty of the Judge of Probate to make such interlocutory orders as may tend to the better securing of the same. Here there was not only an order of removal, for good cause, but also an order that the administrator make immediate return and settlement of all estates in his hands. The order of removal and settlement went together, and the defendant was not beyond the reach of the Court until both parts of the order were complied with.

The order for settlement certainly tended to the better securing of estates which were in the hands of an administrator who had failed to renew his bond, or to exhibit his dealings to the Court.

We think it clear that the Probate Court had the power to make the order which it did, and that the refusal of the defendant to comply with the same, was a contempt, for which the Probate Court could inflict punishment.

The judgment of the Superior Court is reversed.

Let this be certified to the end, &c.

PER CURIAM.                                    Judgment reversed.