## ESTATE OF PIKE: KIMBALL'S APPEAL.

*Removal of executor by county court.*

1. The statute relating to the removal of executors (R. S. 1858, ch. 98, sec. 9, as amended by ch. 140, Laws of 1871; Tay. Stats., 1213, § 10), was adopted from Massachusetts, and the construction previously given it by the supreme court of that state will be followed here.
2. Under the statute, the county court has a broad discretion to remove an executor where circumstances occur which render the execution of a will, or the administration of an estate, perplexed or difficult.
3. The county court removed the executor in this case on the petition of the testator's widow, who was one of- the principal legatees. The circuit court, on appeal, found, among other things adverse to the executor, that "at the time of the filing of the petition there was, and still continues to be, an acrimonious and hostile feeling between the appellant and the respondent, *which intercepts and prevents such a management and husbanding of the estate,* as prudence, sound policy and the interests of the devisees and creditors require;" and it affirmed the judgment of the county court. This court, in the absence of any preponderance of evidence against the finding, affirms the judgment.
4. *It seems* that any person interested in the estate may prosecute such a proceeding independently of others having a like interest, unless the county court directs such other parties to be brought in.

APPEAL from the Circuit Court for *Fond du Lac* County. *Mrs. Pike* and certain children of the testator are the legatees named in the will of Oliver Pike, the late husband of the petitioner, and *Mr. Kimball* is the executor of such will.

Pending administration of the estate left by the testator, *Mrs. Pike* filed her petition in the proper county court for the removal of the executor, alleging therein that he is an unsuitable person to be such executor; and further, that " her reason for regarding said *Kimball* unsuitable is the fact that he is rough, coarse and profane in his language, arbitrary in his

proceedings in managing the property, and is constantly treating her and her family with harshness and ill-nature in managing the property, giving her and her family unnecessary pain and trouble, and disposing of the property at an undervaluation apparently to get the money in his possession, and refusing your petitioner the necessary comforts of living, and forbidding and depriving her of any use of the property, insisting all is his, and that herself and family have no right in it."

The appellant answered the petition, denying all of the charges against him contained therein, and averring that he has carefully, diligently and prudently administered upon said estate. No notice of the proceeding was given to the other legatees under said will.

After a hearing, the county court made an order removing the executor and revoking his letters testamentary; and he appealed from the order to the circuit court. The hearing there resulted in a judgment affirming the order of the county court. The findings of fact upon which the judgment of affirmance was rendered, are as follows:

"That the allegations of the petition are true in substance; that the respondent is the devisee of one-third of the estate of which Oliver Pike died seized; that at the time of the filing of the petition there was, and still continues to be, an acrimonious and hostile feeling between the appellant and the respondent, which intercepts and prevents such a management and husbanding of the estate of Oliver Pike, deceased, as prudence, sound policy and the interests of the devisees and creditors require; that the appellant has manifested an intention and purpose, which still continues, to trade off and dispose of the personal estate in such manner and to such extent as to render impracticable the cultivation of the real estate and the preservation of it for the best interests of the devisees, and to sell the same.

"That the respondent is frugal, industrious and thrifty, and has manifested the capacity and willingness to preserve the real estate from necessity of sale to pay debts, and to render it productive and valuable to the devisees."

The executor appealed from the judgment of the circuit court.

For the appellant, there was a brief by *C. A. & A. B. Eldredge*, and oral argument by *A. B. Eldredge*. They argued the following among other points: 1. It appears from the record that there is a child of the testator equally interested with the petitioner in the estate, and two children of the testator not related by blood to the petitioner, having a greater interest, if not one hostile to hers, and that the executor is by the will the guardian of these two children. These minors should have had notice of the proceeding, and a guardian *ad litem* should have been appointed for them. *Guion v. Melvin*, 69 N. C., 245; *O'Dell v. Rogers*, 44 Wis., 136. 2. The statute authorizes the county court to remove the executor only for specific breaches of his duty, or in case he shall abscond, or *become* insane or otherwise incapable or unsuitable to discharge the trust. Tay. Stats., 1213, § 10. Under the last clause, which must be relied on in this case, it must be shown that the executor has undergone some change of character affecting his fitness for the trust, since his appointment. It is "the right of every citizen making a will to select according to his own judgment the person whom he would have execute it, and to whom he would commit the management of his affairs and the interests of his family after his decease." *Cutler v. Howard*, 9 Wis., 311. If it be true that the appellant is "rough, coarse, and profane in his language," etc., that is immaterial without further allegation and proof that he has *become* so since his appointment. 3. The will, after nominating the appellant as executor, expressly authorizes and empowers him " to dispose of all the property mentioned in this will, either at private or public sale in his discretion, whenever in his opinion it would be best for the interest of the heirs under this will." If there is danger of his abusing this discretion, the court has ample power to restrain him, and protect the interests of the devisees. Perry on Trusts, § 816. If he is selling the property at an under-valuation, he is liable

upon his bonds to those injured thereby. *Munteith v. Rahn*, 14 Wis., 212; *Ely v. Williams*, 13 id., 1. The evidence shows that the difficulty between the executor and the petitioner arose entirely from the fact that the executor insisted upon doing exactly what he was authorized by the will to do in controlling and disposing of the property, and that the petitioner, who is deprived of the use of the property by the terms of the will and her own assent thereto, seeks to have the executor removed because he will not grant her privileges which she has no right to demand. All the harshness and ill nature, all the unnecessary pain and trouble, consisted in his selling the property, of the necessity and expediency of which the will makes him the sole judge. It is alleged that he has refused the petitioner the "necessary comforts of living;" but there was no attempt to sustain the allegation by evidence. Moreover the executor has neither the power to refuse nor the legal right to grant the necessary comforts of living; but by the statute the county court may grant the petitioner such allowance out of the estate as may be suitable, and the executor must obey the order. 4. The fifth finding of the circuit court, that the petitioner is "frugal, industrious and thrifty," etc., is utterly immaterial. She will have ample opportunity to exhibit these qualities in managing her share of the estate (a life interest in one-third of the property), when placed in her hands. She has no right to exercise those qualities in regard to the estate of the two other heirs or legatees, the testator having carefully withheld from her that trust and given it to this executor. The finding, however, shows that the real object of this proceeding is to get the estate out of the hands of the executor, and into the hands of the widow. 5. The other findings, so far as they are material, are unsupported by the evidence. That shows that this executor is no more unsuitable than any administrator would be, who differed from the widow as to the management of the estate; but it is no ground for removing the trustee that he and one of the *cestui que trusts* cannot agree as to the management. "If it were

otherwise, the principal object of the creation of the trust would in a majority of cases be substantially defeated." 2 Rich. Eq., 131; *Forster v. Davies*, 4 De Gex, F. & J., 133.

*E. S. Bragg*, for the respondent.

LYON, J. The statute under which this proceeding for the removal of the executor was instituted, is as follows: "If an executor shall neglect, after due notice given by the judge of the county court, to render his account and settle the estate according to law, or to perform any judgment of the court, or shall abscond, or become insane, or otherwise incapable or unsuitable to discharge the trust, the county court may remove such executor." R. S. 1858, ch. 98, sec. 9, as amended by ch. 140, Laws of 1871 (Tay. Stats., 1213, § 10). This is substantially the statute of Massachusetts of 1783, ch. 24, sec. 10, which received judicial construction in that state long before it was enacted here. In *Winship v. Bass*, 12 Mass., 201 (decided in 1815), speaking of this statute, Chief Justice PARKER, who delivered the opinion of the court, said: "The statute gives a very broad discretion to the judge, evidently intending not to define or limit the disabilities which should be the causes of removal, but to leave room for the application of the power to all causes which may occur to render the execution of a will, or the administration of an estate, perplexed or difficult." This construction was approved by the same court in *Thayer v. Homer*, 11 Met., 104, decided in 1846. The same construction of our statute was practically adopted by this court, in *Cutler v. Howard*, 9 Wis., 309. As the statute then was (R. S. 1858, ch. 98, sec. 9), nonresidence of the executor was cause of removal; yet this court affirmed the judgment of the county court refusing to remove for that cause alone; holding that it was in the discretion of the county court to retain the executor, although a statutory cause of removal existed, such cause not going to his fidelity to his trust, or his capacity to execute it.

Under a familiar rule, the construction given to the statute by the supreme court of Massachusetts before it was enacted

in this state, ought to prevail here; and we adopt that construction the more readily because we believe it to be the true one.

The question to be determined on this appeal is, therefore, whether the removal of the executor by the county court was an improper exercise of the discretion in that behalf vested by law in that court. This question must necessarily be determined from the evidence in the circuit court, all of which is preserved in the bill of exceptions.

If the findings of fact are sustained by the evidence, we think the removal was proper. More than that, if the finding that, "at the time of filing the petition there was, and still continues to be, an acrimonious and hostile feeling between the appellant and respondent, which intercepts and prevents such a management and husbanding of the estate of Oliver Pike, deceased, as prudence, sound policy and the interests of the devisees and creditors require," is established by the proofs, we think that of itself would make a case for the exercise of the discretion of the court. Such a condition of affairs, whether chargeable to the executor or not, would inevitably render the execution of the trust perplexed or difficult, and would be likely to interfere with the proper management and disposition of the estate.

We by no means hold that a quarrel between an executor and a devisee or legatee is in every case cause for removing the executor. The blame of such quarrel may rest entirely with the devisee or legatee, and its existence may not endanger the interests of any one, or interfere in the least with a proper execution of the trust. In such a case, if the executor performs his duty, it would or might be an abuse of discretion to remove him. But we have no such case before us.

Looking into the proofs, we find considerable testimony tending to support the finding of fact above quoted. The testimony is voluminous and conflicting, and a review of it here would be a waste of time and space. It must suffice to say that, after careful examination, we are unable to find any satisfactory preponderance of proof against such finding. It

is the settled rule of this court that in such a case the finding will not be disturbed.

A question has been raised as to the necessity of making the other devisees or legatees under the will parties to this proceeding. We are not aware of any statute or rule of practice which requires this to be done. We are inclined to think that any person interested in the estate may commence and prosecute such a proceeding, independently of other parties having a like interest, unless the county court in its discretion should think proper to bring in such other parties.

Certain other questions were argued by the learned counsel. Such of them as are involved in the determination of this appeal are of minor importance, and cannot affect our judgment. The questions above considered are believed to be the controlling ones in the case.

It follows that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.