ANGUS McFADGEN v. JOHN T. COUNCIL, Ex'r.

*Executor—Removal of.*

1. A court of probate is not authorized to remove an executor for a slight departure from duty merely, but only for some *devastavit* or other dishonest, corrupt or improper neglect and mal-administration of the estate; and in passing on the objection urged, the executor should not be held to any greater diligence and care, or foresight and caution, than is usual among ordinarily prudent men in the conduct of their business.

2. On a petition for the removal of an executor, it appeared that he was insolvent and bankrupt, but that he was in like condition before the will was made, and that it was known to the testator; that he had paid the debts of the estate except a debt due plaintiff from himself as principal, to which the testator was surety, which he alleged would have been paid but for the fact that he had a larger debt due him from plaintiff, which was in litigation, and plaintiff had agreed not to press his debt until the suit was determined; that he had received the testator's personal estate and had used it instead of selling it, but that his wife was sole legatee and devisee and the entire personal estate was not sufficient to pay plaintiff's debt after paying the other debts of the estate; that he had borrowed $1,000 from his wife and used it in compromise of certain debts due by the estate and afterwards repaid her out of the estate; that he had not made any annual statement of the condition of the estate, but alleged that he held himself ready to do so when required; *Held*, that there was not sufficient cause to warrant the removal of the executor, but that he should be required to execute a sufficient bond for the proper administration of the estate, and in default to do so, should be removed.

(*Atkinson* v. *Whitehead*, 66 N. C., 296; *Barnes* v. *Brown*, 79 N. C., 401, cited and approved.)

PETITION for the Removal of an Executor heard on appeal at Chambers in Fayetteville on the 23d of April, 1879, before *McKoy, J.*

The petition was filed before the probate judge of Bladen county, who, upon the facts set out in the opinion of this court, ordered the removal of the defendant from his office as executor, and on appeal to the judge of the district the judgment was affirmed, and the defendant appealed to this court.

*Messrs. McRae & Broadfoot,* for plaintiff.
*Mr. Thomas H. Sutton,* for defendant.

DILLARD, J. The plaintiff, a judgment creditor of the estate of Charles Calvin, in a debt to which the defendant is principal, and the testator, the surety, instituted this proceeding before the clerk as judge of probate, for the removal of the defendant as executor and the appointment of an administrator *de bonis non* with the will annexed.

Upon the averments on each side, for and against the removal, supported by the affidavits of the parties and other evidence sent up with the transcript, the probate judge found some of the facts as the basis of his decree, while other facts, material to the proceeding before him and to a proper decision of the matter were altogether overlooked; and the case coming by appeal to the superior court, and thence to this court, it remains for us to determine as a matter of law, whether, on the evidence and the facts found by the probate judge, the defendant should or should not have been removed and an administrator *de bonis non* appointed in his place.

An executor derives his authority not from the law but from the appointment of the will, and having qualified and taken on himself the position of executor, it is his duty to carry out the will honestly, and to keep an accurate account

of his receipts and payments in the discharge of his duty and to make inventory and reports of the condition of the estate as directed by law; and on failure to report as required, it is the duty of the clerk to cite him to comply, and if he refuse or fail to exhibit a satisfactory account he may remove him from office. C. C. P., §§ 478, 479.

It is also expected of every executor to be diligent in the performance of his trust, and as soon as reasonably may be, to get in the assets and to devote the same to the payment of the creditors, and in a case of neglect or undue delay, or in case of a *devastavit* and mismanagement from dishonest or improper motives, any creditor may, besides a petition for his removal, sue before the clerk for a settlement of account and the application of the assets in full or ratably on all the debts, with power in the proceeding to have injunction or a receiver appointed for the safety of the fund as the emergency may require. Bat. Rev., ch. 45, § 73.

The last course would seem to have been the better course for the plaintiff, if he desired an account and payment of his debt, as he could have made his remedy effectual in half the time already consumed on his motion for removal. But he had the right to petition for removal, and having selected that proceeding, the court of probate was not authorized, in the proper administration of the law, to remove the executor for a slight departure from duty merely, but only for some *devastavit* or other dishonest, corrupt or improper neglect and mal-administration of the estate. And in passing on the objection urged, the executor should not be held to any greater diligence and care, or foresight and caution than is usual among ordinarily prudent men in the conduct of their own business. *Atkinson* v. *Whitehead*, 66 N. C., 296. What would not be sufficient to induce a chancellor to remove a trustee or appoint a receiver to take the funds out of his hands, ought not to authorize the clerk to remove an executor and appoint an administrator *de bonis non.*

Apply these principles to the facts of this case, as the evidence accompanying the transcript shows them to be, and let us see how it would be.

1. The application for removal was based in part on the insolvency and bankruptcy of the defendant and the assignment to him of his homestead and personal property exemption: The answer is, that the alleged insolvency and bankruptcy existed *before* the will was made, and was well known to the testator, who lived the last twelve years of his life, and up to his death, in the family; and it is apparent from the evidence that such insolvency had no effect, as every debt has been paid except the plaintiff's, and that would have been but for the fact that defendant had a personal debt due him from the plaintiff equal to and larger than the plaintiff's judgment, and he expected to recover it and use it by way of set-off.

2. It is urged that he be removed because he received the personal estate of the value of several thousand dollars and he did not sell the same, but kept and used it: The answer is that his wife was sole legatee and devisee of the whole property after payment of the debts, and that the entire personal estate was not sufficient to pay the debt of the plaintiff after paying the other debts of the testator, every one of which he had paid, relying on his ability to pay plaintiff's debt, as it was his own personal debt, in the recovery he expected to make in his two pending suits against the plaintiff who bound himself not to press his judgment until said suits were tried.

3. As to the $1,000 paid to his wife and charged as a misapplication of the trust fund: The answer is, that he borrowed that sum from her and used it by way of compromise of two actions in which the estate was interested, and thereby effected a saving to the estate of $5,000, and the money complained of was but a re-payment of the money borrowed and used for the benefit of the estate.

Defendant admits that he did not make any annual statement of the condition of the estate, for the reason that he has not been required to do so, but on the plaintiff's motion, he said he had always held himself ready to account.

Defendant denies that the estate has been wasted or converted to his own use, but that the value of the same has been largely increased, and he avers that if plaintiff is not paid in the way of a set off-of the recovery he expects to make against him, his judgment already secure as operating a lien on the real estate, has been made doubly secure by the enhancement of the value of the land by the labor and expenditures of the defendant, which the neighbors estimate at $10,000. Defendant says the plaintiff's debt would have been paid except that it was his own debt, and he had a much larger debt justly due him on the plaintiff, for the collection of which he had two suits pending, and that he had an arrangement with the plaintiff not to press his judgment until the defendant's suits could be tried.

Upon a full survey of all things alleged and proved in the proceeding, this court fails to detect any want of good faith in the executor in any of the particulars urged as grounds of removal. The wife of defendant being sole legatee of the whole estate, and every debt paid except the plaintiff's judgment, against which defendant claimed to be entitled to use as a set-off a larger sum due from the plaintiff, and an agreement being made not to urge payment until defendant's suits were tried, it was very natural the defendant should have kept and used on his wife's lands the mules and other personalty belonging to the estate, and is precisely as any one would have done under the same circumstances.

All the debts being paid except the plaintiff's, why should defendant sell the personalty and suffer a loss on it, when he had a larger debt due him on plaintiff then in course of collection, in which he expected to make a recovery large

enough to pay it off, and when the existence of that debt was so far recognized by plaintiff as to induce him to agree not to press payment until defendant's suits against him were ended.

The failure to sell personal property, in law the primary fund to pay debts, is certainly a neglect of duty, and the use of it by the executor in his own business is *mala fide,* and furnishes, ordinarily, good ground for the appointment of a receiver in a court of equity. But in view of the fact that every debt against the estate is paid except the plaintiff's, and a reasonable probability of its payment existing by way of a set-off of his debt to the defendant, and if not so paid, the same being a lien on the land of the testator, it seems to us that the defendant's case is an exceptional one, and he ought not to be removed.

No creditor, as it appears, can be hurt by a continuance of the defendant in office except the plaintiff on a remote possibility; and against that contingency provision might be made by requiring bond and surety in sufficient penalty to insure full accountability, if the clerk, in his discretion, shall deem it necessary or proper. *Barnes* v. *Brown,* 79 N. C., 401.

The judgment of the superior court is reversed, with direction that the probate judge require the defendant to execute bond with sufficient sureties in adequate penalty conditioned for the proper administration of the estate of Chas. Calvin, or on default to give such bond, that he revoke the letters testamentary and appoint an administrator *cum testamento annexo.*

Error.                                              Reversed.