LISTON SIMPSON and others v. JOHN A. JONES, Adm'r of John Jones.

*Jurisdiction—Probate Court—Removal of Administrator.*

1. Under the act of 1877, chapter 297, the probate judge has jurisdiction of a proceeding to remove an administrator notwithstanding the abrogation of article four, section seventeen, of the constitution.

2. Where an administrator had an adverse personal interest in an action against himself as administrator and made no defence to the same; *Held*, that upon petition by the distributees of the estate, alleging that there was a valid defence to the action which they desired to set up, the administrator was properly removed.

(*Hunt* v. *Sneed*, 64 N. C., 180; *Taylor* v. *Biddle*, 71 N. C., 1; *In re Brinson*, 73 N. C., 278; *R. R. Co.* v. *Wilson*, 81 N. C., 223; *Armstrong* v. *Stowe*, 77 N. C., 360; *Barnes* v. *Brown*, 79 N. C., 401; *Flemming* v. *McKesson*, 3 Jones Eq., 316, cited and approved.)

APPLICATION for the Removal of an Administrator heard on appeal at Spring Term, 1879, of NEW HANOVER Superior Court, before *Seymour, J.*

Upon the facts set out in the opinion of this court, His Honor ordered the case to be remanded to the probate court to the end that the defendant administrator be removed and a suitable person be appointed in his stead, and from this judgment the defendant appealed.

*Messrs. A. T. & J. London,* for plaintiffs.
*Mr. D. J. Devane,* for defendant.

SMITH, C. J.   The action commenced before the probate judge has for its object the removal of the defendant from his office as administrator of John Jones, deceased, for causes assigned in the complaint. To a part of the defendant's answer the plaintiffs demur, and from the judgment dismissing the proceeding, appeal to the superior court.

Upon the trial of the cause in that court, trial by jury being waived, the court finds the following facts : There is an action pending in the superior court of Pender, at the instance of Bruce Williams, administrator, *de bonis non,* and others against the defendant, as administrator, upon an alleged liability of his intestate, in which he has an adverse personal interest in the result and expects to share in the fruits of recovery, to be recovered out of his intestate's estate. He has caused no appearance to be entered in the action, and makes no defence thereto. There is a defence to the suit which the plaintiffs and other distributees of the intestate, in good faith, desire to be set up, in opposition to the claim, and passed upon, and it cannot be made available except by a separate answer of the defendant.

The court thereupon adjudged that the defendant be removed from his office and ordered the cause remanded to the probate court to the end that the removal be there entered of record, and another be appointed in his stead. From this ruling the defendant appeals.

1. The jurisdiction of the probate judge, and his right to make the removal upon a showing of dereliction of duty, unfitness or other sufficient cause, is fully established by the references in the brief of the plaintiffs' counsel—C. C. P., § 470 ; *Hunt* v. *Sneed,* 64 N. C., 180 ; *Taylor* v. *Biddle,* 71 N. C., 1 ; *In re Brinson,* 73 N. C., 278. These cases were decided under the constitution of 1868, Art. IV., § 17, which specially defines the jurisdiction of the clerk acting as probate judge. This section does not appear in the amended constitution of 1875, and the distribution of the judicial power, not pertaining to the supreme court, is vested in the general assembly by Art. IV, § 12, its substitute. The law however remains in force by virtue of the act which declares that " the jurisdiction and powers of the superior courts and courts of justices of the peace shall be in all respects the same as those granted to and exercised by them respectively before the first day of January, 1877, except as

the same may be modified, extended or altered by acts passed at the present session of the general assembly." Acts 1876–'77, ch. 287.

2. The next point to be examined is the sufficiency of the grounds of removal. The facts found are at variance with the statements in the answer and show it to be untrue and illusive. The defendant is under the bias of an interest in opposition to that of the estate he represents, in holding a note to the payment of which he expects part of the moneys that may be recovered out of the estate will be applied ; and its influence is seen in his inattention to the suit and his neglect of preparation to resist it. The trust fund is thus without a protector, and interest is arrayed against fiduciary obligation. In the words of the opinion in *N. C. R. R. Co.* v. *Wilson*, 81 N. C., 223 : " The law frowns upon any act on the part of a fiduciary which places interest in antagonism to duty, or tends to that result." The distributees are entitled to have an efficient defence to the action made in both answer and proofs, and it is apparent the defendant has not come up to his measure of official obligation.

" The chief safeguard and the one most relied on," says READE, J., speaking of personal representatives and the causes of removal, " is *integrity*, shown by an open hand, full and accurate accounts and frequent reports." *Armstrong* v. *Stowe*, 77 N. C., 360. And RODMAN, J., in reference to the removal of an executor uses this language : " Insolvency, whether known to the testator or not, coupled with a continued disregard of duty, even if not fraudulent or negligent, certainly shows that the trustee is unfit for his office, that the interests of his *cestuis que trust* are not safe in his hands, and that he ought to be removed, or at least required to give bond," &c. *Barnes* v. *Brown*, 79 N. C., 401. See also the remarks of BATTLE, J., in *Flemming* v. *McKesson*, 3 Jones Eq., 316.

It must be declared there is no error in the ruling of His Honor, and the judgment is affirmed. This will be cer-

tified in order that the cause may be remanded to the probate court for further proceedings therein according to law, as declared in this opinion, and it is so ordered.

No error.                                    Affirmed.