ELIJAH MURRILL and others v. H. H. SANDLIN, Adm'r.

*Removal of Administrator—Jurisdiction of Probate Court.*

The original and primary jurisdiction of a proceeding to remove an administrator is in the probate judge (with the right of appeal to either party), who ascertains the facts upon which his legal discretion may be exercised, and to this end he may require issues of fact to be tried by a jury in the superior court. C. C. P., §§ 418, 470.

(*Simpson* v. *Jones*, 82 N. C., 323 ; *Capps* v. *Capps*, 85 N. C., 408, cited and approved.

PROCEEDING to remove an administrator, commenced before the clerk as probate judge, and heard at Spring Term, 1881, of ONSLOW Superior Court, before *Graves, J.*

The case was transferred to the superior court for the trial of issues of fact, and the plaintiff moved to remand it to the probate court on the ground of a want of jurisdiction of the subject matter of the controversy, as now constituted. The motion was denied, and the plaintiff excepted. Upon the trial, judgment was rendered for the defendant, and the plaintiff appealed.

A statement of the facts set out in the case is not necessary to an understanding of the opinion.

*Messrs. Simmons & Manly*, for plaintiff.
*Mr. H. R. Bryan*, for defendant.

SMITH, C. J.   The jurisdiction to grant, and, for sufficient cause, recall letters testamentary and of administration, is conferred by law upon the clerk of the superior court, acting as judge of probate.   C. C. P. § 418 ; *Simpson* v. *Jones*, 82 N. C., 323.   The mode of proceeding to revoke letters that have been issued is summary, and pointed out in section 470, which provides that when " it appears to the probate judge, or if complaint is made to him on affidavit that any person to whom they were issued is legally incompetent to have such letters, or that such person has been guilty of a default or misconduct in the due execution of his office, or that the issue of such letters was obtained by false representations made by such person, the judge of probate shall issue an order requiring such person to show cause why the letters should not be revoked.   On the return of such order, duly executed, if the objections are found valid, the letters issued to such person must be revoked and superseded, and his authority shall thereupon cease."

It is thus incumbent on the probate judge to make the inquiry, and ascertain for himself the facts upon which the legal discretion reposed in him to remove an incompetent or unfaithful officer, is to be exercised.   The original authority to act is delegated to him alone, and he may require the whole issue made between the parties, or any specific question of fact, to be tried by a jury, under the supervision of the judge of the superior court.   When these have been determined by the jury, the probate judge, with such supplemental findings of fact by himself as may be necessary, proceeds to decide the question of removal, subject to the right of either party to the contest to have the cause reheard upon appeal.

This was not the course pursued in the present case, but

the voluminous allegations, explanations and denials in the complaint and answer, were transmitted to the superior court, and tried in the first instance before the judge upon the submission of two issues to the jury. Thus the appellate or reviewing jurisdiction of the superior court is made to usurp the original and primary jurisdiction vested in the probate judge, and which he has never exercised. This irregularity renders it necessary to remand the cause in order that the probate judge may himself first act upon the application. See *Capps* v, *Capps*, 85 N. C., 408.

We can only determine, upon the case made in the court below, the sufficiency of the facts to require or warrant the removal, but it is not improper to say that the management of a trust fund ought not to be committed to, or left in the hands of an appointee whose interests or personal bias may be found hostile to the demands of official duty, when made to appear, and the estate thus deprived of that legal protection to which it is entitled.

Let the cause be remanded,

PER CURIAM,                              Cause remanded,