(Brittain v. Mull, 91 N.C. 498; Barnes v. Brown, 79 N.C. 401; Simpson
v. Jones, 82 N.C. 323; Murrill v. Sandlin, 86 N.C. 54; Taylor v.Biddle, 71 N.C. 1; In re Brinson, 73 N.C. 278; McFayden v. Council,81 N.C. 195; Rowland v. Thompson, 64 N.C. 714, cited and approved).
Devereux Cobb died in July, 1883, in the county of Greene, leaving a last will and testament, which was duly proven, and James H. Cobb, the defendant, qualified as executor thereof, and thereupon took possession of considerable estate.
The feme plaintiff is a legatee named in the will, and the plaintiff Baker is a creditor of the estate.
At the instance of the plaintiffs, on the 22d of February, 1886, the Clerk of the Superior Court of the county named, issued a notice to the defendant to appear before him within ten days next after the service of the notice, and show cause why he should not be required to give bond as such executor, and on failure to do so, why he should not be removed from his office as such executor. *Page 33 
At the time of the issuing of the notice, the plaintiffs filed with the Clerk a verified complaint alleging the insolvency of the defendant, his extravagance and negligent management of the estate in his hands, as well as his own business affairs — that he received as executor personal property of the value of $5,000 — that the greater part thereof he had converted to his own use, and had failed to pay most of the debts — that he had paid a debt of the seventh class, to the prejudice of creditors of the same and other prior classes — that he had paid a legatee $100 and thereby committed a devastavit — that he had received rents of the lands of the testator amounting to $3,000 — that he had wasted (6) and misapplied the assets — that he had failed and neglected to make and file accounts of receipts and disbursements of the assets, and of his disposition of the property, and that he had not filed any complete and true inventory of the property and effects received by him as executor, c.
The defendant appeared before the Clerk and filed his verified answer to the complaint, in which he admitted that he had paid a creditor of the seventh class and had paid one of the legatees $100, but he denied all the other material allegations, and alleged that he had filed a proper inventory, had rendered to the Clerk proper accounts of his disposition of all the personal property, that he had fully administered the assets that had come and ought to have come into his hands, and that there yet remained debts unpaid, c., c.
Thereupon the defendant moved before the Clerk that the material issues of fact raised by the complaint and answer so filed, be transferred for trial at the next term thereafter of the Superior Court. The Clerk denied this motion, and without hearing any evidence, except the complaint and answer, so far as appears, found the issues in favor of the plaintiffs, and made an order requiring the defendant to file a bond as executor within twenty days, and on failure to do so, that he be removed from his office.
From this judgment, the defendant appealed to the Judge at Chambers, who, without deciding any question of law, and without instructions, remanded the matter to the Clerk. Thereupon, the Clerk, on motion of the plaintiffs, made the following order, on the 15th of April, 1886:
"This cause having been remanded, and it appearing to the satisfaction of the Court that James H. Cobb, executor, is insolvent and incompetent, and has made no proper returns of the expenditures and assets of the estate of Devereux Cobb, it is adjudged that he be required to give a bond with security in the sum of $3,000, conditioned for the proper administration of the estate of his testator, within ten days after service of this judgment on him." *Page 34 
(7) This order was served on defendant and he appeared within the ten days mentioned, and gave notice of appeal from said judgment. On April 26th, the defendant not having appeared as required by said order, the Clerk made the following order, on motion of plaintiffs' attorney, to-wit:
"Whereas, an order was heretofore issued, requiring Cobb, as executor to give bond (as stated above); And whereas, said order has been served on him, and ten days have elapsed since said service; and whereas, Cobb has failed to file said bond as required: It is adjudged that his letters testamentary, as executor of Devereux Cobb, be revoked, and on motion of plaintiffs' attorney, W. H. Edwards is hereby appointed administrator with the will annexed of Devereux Cobb, upon his giving the necessary bond, and that letters of administration issue."
From this order the defendant appealed to the Judge at Chambers, who affirmed the judgment of the Clerk. The defendant excepted, and appealed to this Court.
In this, and like cases, the Clerk of the Superior Court does not act in the place of, and for that Court, but he exercises jurisdictional functions conferred upon him as Clerk, separate and distinct from his duties as Clerk of the Court. Although the office of Probate Judge is abolished, nevertheless jurisdiction over matters of probate, and some other matters — particularly specified — is conferred upon the Clerk. The scope of his office is enlarged, so as to embrace this authority, distinct from his other ordinary duties, and he exercises judicial authority in the way prescribed, as certainly as if he were denominated Judge of Probate, and were not such Clerk. It seems that the Legislature deemed it wise, on the score of economy and convenience, to place the jurisdiction in respect (8) to matters of probate, in close connection with the Superior Courts, so that issues of fact arising before the Clerk, might be tried by a jury under the supervision of these Courts, and errors of law, and errors in other respects, of the Clerk, might be promptly corrected by them. In case issues of fact, to be tried by a jury, shall be raised, these must be transferred to the Superior Court for trial at the next succeeding term thereof, and if issues of law shall be raised, the complaining party may appeal to the Judge having jurisdiction, either in vacation or in term. *Page 35 
It will be observed that the jurisdiction of the Clerk is distinct from that of the Superior Court, and therefore, it is proper for the latter toremand the issues when tried, for other proper proceeding or matters in a proper case, to the Clerk. The Code, §§ 102, 116; Brittain v. Mull,91 N.C. 498.
The Clerk of the Superior Court clearly had original jurisdiction of the application to remove the defendant as executor, and power to remove him in a proper case. It has been so decided repeatedly, and it is so expressly provided by statute. The Code, §§ 103, par. 3, 1397, 1400, 2171; Barnes
v. Brown, 79 N.C. 401; Simpson v. Jones, 82 N.C. 323; Murrill v.Sandlin, 86 N.C. 54. Whether the jurisdiction of the Clerk is exclusive in such case, or whether the Superior Court, in administering principles of equity, may exercise the like original jurisdiction, are questions we are not now called upon to decide.
There is no statutory method of procedure prescribed, to be observed by the Clerk in the exercise of his authority in matters of probate. His proceedings are summary in their nature, and should always be put in such shape as to present all that he does in the course of a proceeding, including his orders and judgments, intelligently, and so that the same may be distinctly seen and understood. To this end, he is required to keep certain permanent records of proceedings before him. The Code, § 112. In cases like the present one, the application might be made by any person rightfully interested, by petition or motion in writing, or formal complaint, setting forth and alleging the grounds of (9) the application, supported by one or more affidavits; and the allegations thus made, might be met by demurrer in a proper case, or by answer, denying or admitting the matters alleged, and alleging all proper matters of defence, supported by affidavits.
In this and similar cases, the proceeding is begun by an order made by the Clerk to show cause, c., a copy or notice of which must be served on the party charged or proceeded against. The Code, §§ 108, par. 4, 2171.
This proceeding is neither a civil action nor a special proceeding under the Code of Civil Procedure. Its purpose is not to litigate the alleged rights and liabilities of adverse parties, settle the same, and give judgment against one party in favor of another, but it is to require one who is charged by the law with special duties and trusts, for whosoever may be interested, to show cause why, in some cases, he shall not give such bond as may be required of him, conditioned for the faithful discharge of his duties, and in others, why he shall not be removed from his place or office, because of some disqualification, malfeasance, misfeasance or nonfeasance, that disqualifies or unfits him in that respect, *Page 36 
and renders it necessary that he shall be promptly removed from it. While ordinarily, some person or persons rightfully interested, should make the application for such removal, suggest the grounds for it, and produce the appropriate and necessary proofs in that behalf, and become parties to a proceeding for the purpose, and responsible for costs, the Clerk, in the exercise of his jurisdictional powers, requires the executor or administrator, as the case may be, to answer before him and show cause, or be removed from his office, to the end that the interests of the estate may be subserved and the rights of parties interested protected by his removal, and the appointment of a suitable person in his stead. The Clerk has power, as we have seen, for proper cause, to make such removal, and pending any litigation in that respect, to make all necessary and interlocutory orders for the protection and better securing of the estate. The Code, § 1521; Taylor v. Biddle, 71 N.C. 1; In re Brinson, 73 N.C. 278.
(10) Ordinarily, in such matters, issues of fact do not arise — only questions of fact are presented, and the Clerk hears the matter before him summarily — he finds the facts from affidavits and competent documentary evidence, and founds his orders and judgments on the same. He may, in his discretion, in some cases, direct issues of fact to be tried by a jury, and transfer them to the Superior Court to be tried, as directed by The Code, § 116, but regularly he will not. No doubt, in some cases, he ought to do so. And also, by virtue of this section, the executor or administrator, or any person interested, may appeal from the findings of fact and the judgment of the Clerk, to the Judge having jurisdiction in term time, or in vacation, and the Judge may review the findings of fact, if need be, and decide such questions of law as may be raised, affirm, reverse or modify the order or judgment of the Clerk, and remand the matter to him for such further action as ought to be taken. From the judgment of the Judge, an appeal would lie to this Court, and errors of law only should be assigned. The Judge in reviewing the findings of fact, might, in his discretion, direct proper issues of fact to be tried by a jury, for his better information, and in some cases it may be he ought to do so.
The statute conferring power on the Clerk to remove executors and administrators, does not prescribe in terms how the facts in such matters shall be ascertained, but it plainly implies that he shall act promptly and summarily. Applying general principles of law, the method of procedure we have above indicated, or one substantially like it, is the proper one.Rowland v. Thompson, 64 N.C. 714.
Indeed, it has been in a measure repeatedly recognized. McFayden v.Council, 81 N.C. 195; Murrill v. Sandlin, 86 N.C. 54. *Page 37 
The Clerk, in this case, obviously treated the verified complaint and answer as affidavits, as he might do. In addition, he had immediate access to the records of his office, and might ex mero motu look to the same, and see whether the defendant had filed such inventories, accounts and reports, as the law required him to do. Upon such evidence he found the facts, and made the first order appealed from by the (11) defendant to the Judge at Chambers. The latter, for some reason not stated, remanded the matter. Thereupon, the Clerk, upon the same, or a like finding of facts, made a second order requiring the defendant to give a bond, conditioned that he would duly and faithfully administer the estate in his hands. The defendant gave notice of an appeal, but it seems he did not prosecute the same. He failed to give the bond required of him within the time designated in the order, and the Clerk made the order of removal, and appointed an administrator de bonis non cum testamento annexo in his stead. From this order he appealed to the Judge — upon what grounds does not appear. No exceptions as to the findings of fact are set forth, nor are errors of law assigned.
The Judge simply affirmed the judgment of the Clerk. In this we perceive no error. The judgment of the Clerk was not void — he had authority to find the facts, and upon his findings there was cause for the removal. He found that the defendant was insolvent and incompetent — that he had made no proper returns of the assets in his hands, or how he had disbursed the same, and in effect that he had mismanaged the estate. This was good and sufficient cause for the order of removal. As no errors are assigned, and the Clerk has made findings of fact and orders that he had authority to make, the judgment must be affirmed and the matter remanded to the Superior Court, with directions to that Court to remand the same to the Clerk for such further action before him as may be required in that behalf.
No Error. Affirmed.
Cited: Click v. R. R., 98 N.C. 392; McLaurin v. McLaurin, 106 N.C. 333;Lewis v. Roper, 109 N.C. 20; In re Palmer's Will, 117 N.C. 139; Inre Battle, 158 N.C. 390; In re Johnson, 182 N.C. 525; Clark v. Homes,189 N.C. 711; In re Estate of Wright, 200 N.C. 626, 627; In re Estateof Styers, 202 N.C. 717, 718. *Page 38 
(12)