IN RE ADMINISTRATION ON THE ESTATE OF FRANK P. BATTLE, DECEASED.

(Filed 13 March, 1912.)

1. Superior Courts—Clerks—Probate — Executors and Administrators—Removal—Legal Discretion—Appeal and Error—Practice.
   In the exercise of their probate powers, and the legal discretion conferred upon them, clerks of the Superior Court may remove for good cause shown, upon petition filed and notice duly shown, an executor or administrator, subject to review by the Superior Court, and by the Supreme Court on appeal.

2. Superior Courts—Clerks—Executors and Administrators—Issues of Fact—Practice.
   On issues raised in proceedings before the clerk of the Superior Court for the removal of an executor or administrator for good cause shown, it is not required that the clerk transfer the cause to the Superior Court for the trial of the issue, as applications of this character are not regarded in the nature of adversary proceedings, but as a power conferred on the clerk with a view of protecting estates, often presenting the necessity for his prompt action. Revisal, sec. 35.

3. Superior Courts—Clerks—Executors and Administrators—Compensation—Contracts—Removal of Administrator—Appeal and Error.
   It appearing by admission of record in the Supreme Court on appeal from an order removing an administrator for cause, that he had procured from the wife of the deceased, an illiterate woman, and her minor children, the next of kin, a contract by which he and another, who had aided him, were to receive 25 per cent more than the legal charges allowed to administrators: *Held,* the order removing him was properly made.

APPEAL from *Ferguson, J.,* from NASH.

Case on removal of W. R. Mann, administrator of Frank P. Battle, deceased, heard on appeal from Clerk of Superior Court of Nash County, before his Honor, *G. S. Ferguson, Judge,* holding the courts of the Fourth Judicial District, on 20 December, 1911. There was judgment of removal, affirming a like judgment by the clerk, and said W. R. Mann excepted and appealed.

*T. T. Thorne for Mann, appellant.*
*Brooks & Taylor for appellee.*

HOKE, J. It appears of record that Frank Battle died domiciled in Nash County on 29 September, 1911, and within two or three weeks thereafter W. R. Mann was duly qualified as his administrator; that the proceedings were had before T. A. Sills, Esq., Clerk Superior Court of Nash County, and on presentation of a paper-writing purporting to be a renunciation of Cora Battle, widow of deceased, in favor of W. R. Mann. This paper, bearing date 13 October, 1911, appeared to be signed by Cora Battle having made her mark thereto, and same was witnessed by one R. L. Powell. Thereafter, to wit, on 20 November, 1911, on petition filed and notice duly given, affidavits were submitted on part of Cora Battle tending to show that she had not signed the renunciation nor authorized any one to sign it for her. At same time affidavit was made on the part of Robert L. Powell, to the effect that Cora Battle made her mark to said paper-writing in the presence of affiant as subscribing witness and that the contents were fully explained and understood by her. It was admitted on the hearing by W. R. Mann, that of the same date that the renunciation purported to be signed, and in contemplation of his administering on the estate, he had procured from the widow a contract by which he was to be allowed 25 per cent of the entire estate, in addition to the fees allowed by law. It was also admitted by Robert Powell, the subscribing witness, that he, the witness, had one-half interest in the contract obtained by Mann, to wit, 25 per cent in addition to lawful fees, and that the contract and the renunciation were carried by him to Cora Battle and executed at one and the same time. The clerk found as facts that the renunciation had not been

*In re* BATTLE.

made or authorized by the widow, and found the facts also in accord with the admissions, and gave judgment of removal.

On appeal, the judge affirmed the judgment of the clerk, on the ground that under the circumstances of the parties the obtaining of the contract in question from the widow and six of the nine children of Frank Battle, deceased, showed W. R. Mann to be an unfit person to administer on the estate; whereupon said Mann excepted and appealed, assigning for error, chiefly, that the pleadings and affidavits before the clerk having raised an issue of fact, the proceeding should have been transferred to the civil-issue docket for trial by jury. (2) That his Honor held the obtaining of the contract showed W. R. Mann to be an unfit person, when said Mann had offered, in the Superior Court, to surrender his contract, and offered affidavits, further, of a number of citizens to the effect that he was a man of good character and good business standing in the community where he lived.

It is well understood that our clerks of the Superior Court, on petition filed and notice duly served, in the exercise of powers conferred upon them on matters of probate, may remove an executor or administrator for good cause shown. They make such orders in the exercise of a legal discretion, which may be reviewed upon appeal. An application of this character is not regarded as being in the nature of an adversary proceeding, but a power conferred with a view of protecting the estate, and because prompt action may often be necessary to this end, a clerk is not required, on issues raised, to transfer the cause to Superior Court for a jury trial, but may and ordinarily should take definite action in the premises. The practice in such cases is very well stated in *Edwards v. Cobb,* 95 N. C., pp. 4-9, in which *Merrimon, J.,* delivering the opinion, said: "This proceeding is neither a civil action nor a special proceeding under the Code of Civil Procedure. Its purpose is not to litigate the alleged rights and liabilities of adverse parties, settle the same, and give judgment against one party in favor of another, but it is to require one who is charged by the law with special duties and trusts, for whosoever may be interested, to show cause why, in some cases, he shall not give such bond as may be required

of him, conditioned for the faithful discharge of his duties, and in others, why he shall not be removed from his place of office because of some disqualification, malfeasance, misfeasance, or nonfeasance, that disqualifies or unfits him in that respect, and renders it necessary that he shall be promptly removed from it. While, ordinarily, some person or persons rightfully interested should make the application for such removal, suggest the grounds for it, and produce the appropriate and necessary proofs in that behalf, and become parties to a proceeding for the purpose, and responsible for costs, the clerk, in the exercise of his jurisdictional powers, requires the executor or administrator, as the case may be, to answer before him and show cause, or be removed from his office, to the end that the interests of the estate may be subserved and the rights of parties interested protected by his removal, and the appointment of a suitable person in his stead. The clerk has power, as we have seen, for proper cause, to make such removal, and, pending any litigation in that respect, to make all necessary interlocutory orders for the protection and better securing of the estate. The Code, sec. 1521; *Taylor v. Biddle,* 71 N. C., 1; *In re Brinson,* 73 N. C., 278.

"Ordinarily, in such matters, issues of fact do not arise— only questions of fact are presented, and the clerk hears the matter before him summarily; he finds the facts from affidavits and competent documentary evidence, and founds his orders and judgments on same. He may, in his discretion, in some case, direct issues of fact to be tried by a jury, and transfer them to the Superior Court to be tried, as directed by The Code, sec. 116, but regularly he will not. No doubt, in some cases, he ought to do so. And also, by virtue of this section, the executor or administrator, or any person interested, may appeal from the finding of fact and the judgment of the clerk, to the judge having jurisdiction, in term-time or in vacation, and the judge may review the findings of fact, if need be, and decide such questions of law as may be raised, affirm, reverse, or modify the order or judgment of the clerk, and remand the matter to him for such further action as ought to be taken. From the judgment of the judge an appeal would lie to this Court, and errors

of law only should be assigned. The judge in reviewing the findings of fact might, in his discretion, direct proper issues of fact to be tried by a jury, for his better information, and in some cases it may be he ought to do so. The statute conferring power on the clerk to remove executors and administrators does not prescribe in terms how the facts in such matters shall be ascertained, but it plainly implies that he shall act promptly and summarily."

Authority with us is in general approval of the position as stated. *Murrill v. Sandlin,* 86 N. C., 54; *In re Brinson, admr.,* 73 N. C., 278; *Taylor v. Biddle,* 71 N. C., 1; *Lovinier, exr., v. Pearce, guardian,* 70 N. C., 168; *Hunt v. Sneed,* 64 N. C., 180, and the statute, Revisal, ch. 1, sec. 35, authorizing and directing that, in all cases of revocation, etc., "the clerk shall immediately appoint a successor, etc., and make such orders as may tend to the better ordering of the estate," is in express recognition of the principle. The clerk, therefore, was not required to transfer the cause to the civil-issue docket and delay action till trial had.

We concur also in the view taken by his Honor, that it sufficiently appeared from the admissions of record that the appellant was not a fit or suitable person to act as administrator of this estate, and that a determination of other questions presented was not necessarily required. It may be that the taking of a contract of this character might not always and as a matter of law justify the removal, but under the circumstances presented here, showing that within two weeks of intestate's death the appellant, a well-informed and capable business man, by his own admission and through the agency of one R. L. Powell, the subscribing witness, went to the house of the widow, who could neither read nor write, and obtained from her and from six of her children a contract for 25 per cent of the estate over and above lawful fees, the administrator and the witness to share equally in the amount, evinces such an erroneous concept of official duty as to demonstrate his unfitness and justify his removal. While the clerk, in such cases, is in the exercise of a legal discretion which may, as stated, be reviewed on appeal, he is necessarily allowed a large latitude in such matters, and,

HICKS *v.* R. R.

in the present case, on authority and the facts admitted of record, we are of opinion, and so hold, that the order of removal was properly made. *Simpson v. Jones,* 82 N. C., 323; *N. C. R. R. v. Wilson,* 81 N. C., 223; *Estate v. Pike,* 45 Wis., 391; 11 A. and E., 823; 1 Williams Exr., 9 Amer. Ed., p. 702. There is no error, and the judgment of the Superior Court is
    Affirmed.