E. NYE HUTCHINSON *et al. vs* B. B. ROBERTS *et al.*

Proceedings to effect a settlement of an estate against an executor must be commenced before the Probate Court.

Where the *primary* subject matter and the parties do not make a case to be commenced in the Superior Court, a change of jurisdiction cannot be effected by an averment, that the judgment demanded in behalf of *all* the plaintiffs against both defendants, is " preliminary and auxiliary " to the judgment sought in behalf of *three* of the plaintiffs against *one* of the defendants.

In a civil action, in the nature of a bill in equity, for an account and settlement of a trust estate, in behalf of three *feme* plaintiffs, it is a misjoinder to make others plaintiffs, who are not embraced by the trust; and likewise a misjoinder, to make one a defendant who has no concern with the management of the trust fund.

[*Hunt* v. *Sneed*, 64 N. C. 176. *Sprinkle* v. *Hutchinson*, 66 N. C. 450, cited and approved.]

CIVIL ACTION, tried before *Logan, J.*, at Spring Term, 1872, of MECKLENBURG Court.

The plaintiffs allege, that Joel H. Jenkins died in the County of Rowan in the year 1859, having made and published his last will and testament, which was admitted to probate in 1860, and that the defendants, Roberts and Davis, were appointed and qualified as executors ;

That at his death the testator left several children, Elizabeth, who intermarried with plaintiff Hutchinson, Ella, who intermarried with plaintiff Burwell, Sarah, who intermarried with J. H. McAden, Charlotte, John H., and Thomas ;

That plaintiff, Brown, was appointed guardian of John and Thomas. That Thomas died unmarried and A. Burwell is his administrator, and that Charlotte has no guardian and sues by her next friend, A. Burwell;

That, by said will, the testator devised and bequeathed to his wife certain real and personal estate absolutely, certain other

real estate to her for life, remainder to his children to be equally divided between them, with legacies of six thousand dollars to each of the children, except Elizabeth and Ella, if Mrs. Cowan's will was established ;

That testator's wife is dead ;

That he died seized and possessed of a large real and personal estate, estimated at $250,000, and consisting of town lots, lands in Rowan and Iredell counties, and valuable land in Arkansas, a number of solvent notes, exceeding in amount $100,000, slaves in this State and Arkansas, railroad bonds, stock in the North Carolina Railroad Company, Florida bonds, &c., &c., all of which passed into the hands of the defendants Roberts and Davis, executors aforesaid ;

That according to the best information and belief of plaintiffs, the estate was worth $150,000, after payment of debts ;

That defendants have made no return of the estate, except an inventory at May Term, 1860, nor of the condition of said estate, until very recently, and then only under the compulsion of legal proceedings ;

That by the terms of the will, the estate bequeathed to the *feme* plaintiffs is directed to be vested in the defendant Roberts as trustee, upon trust, to hold the same for the sole and separate use of the *feme* plaintiffs, but that said Roberts, up to the commencement of this action, has not, to the knowledge of plaintiffs, accepted the said trust, but, on the contrary, has failed and neglected to procure a settlement between himself and Davis, as executor aforesaid, or to cause the property to be conveyed to him as trustee under the will ; that plaintiffs have reason to believe, and charge, that a conspiracy has been entered into between the defendants Roberts and Davis to defraud the plaintiffs ;

That plaintiffs have frequently called upon the defendants, and especially the defendant Roberts, as the trustee named in the said will, to come to a fair and just settlement with them, touching their rights and interests under the said will, and to

convert and pay over to them the said estate in their hands, but the defendants have refused to comply with said request unless plaintiffs would accept a large proportion of the amount due to them, in Confederate bonds and notes, and other worthless securities.

. Complaint charges, that the defendants have mismanaged the Arkansas lands, in not collecting rents, &c., and that they received payment since July 1863, in Confederate money, of well secured notes; that neither of the defendants are worth more than $25,000, and are not able to pay such judgment as plaintiffs are entitled to and must recover in this action.

Wherefore they demand judgment: That as preliminary and ancillary to the relief sought in behalf of the *feme* plaintiffs, an account may be taken, by and under the direction of this Court, of all the estate, real and personal, which has, or ought to have come into the hands or under the control of the defendants as executors, and of their disposition thereof, and also an account of what estate, if any, has come, or ought to have come, into the hands of the defendant, Roberts, as trustee, &c.

That the trusteeship be declared vacant, and that some suitable person be appointed trustee in the place of Roberts, to receive such estate as may be due the *feme* plaintiffs under the will, and the defendant be required to make an assignment of the stock to the said trustee, with apt words to create a separate use for the benefit of such *feme* plaintiffs.

There is also a prayer that defendants pay, to the trustee appointed, such part of the estate as may be ascertained to be due, under pain of contempt, and to the other plaintiffs, Brown as guardian, and Burwell as administrator, and to the guardian who may be appointed for Charlotte Jenkins, such part of the estate as may be due them. There is also a prayer for a receiver.

To this complaint defendants demurred, and assigned as grounds of demurrer:

15

1st. That this Court has no jurisdiction of the persons of defendants.

2d. That this Court has no jurisdiction of the subjects of this suit.

Upon argument, his Honor sustained the demurrer and gave judgment accordingly. Plaintiffs appealed to the Supreme Court.

*Bynum* and *Bailey*, for plaintiffs.
*J. H. Wilson* and *J. M. McCorkle*, for defendants.

PEARSON, C. J. It is manifest by a perusal of the complaint, that the primary and all-important thing which must be done in the first instance, before the other matter in respect to the trust for the *femes* plaintiffs can be dealt with, is to have an account and settlement of the estate of the testator; for this purpose all of the proper parties are joined, and the only difficulty is, that the proceeding was commenced before the Judge of the Superior Court in term time, and not before the Judge of Probate; so the proceeding is *coram non judice.* This is settled. *Hunt* v. *Sneed,* 64 N. C. 176. *Sprinkle* v. *Hutchinson,* 66 N. C. 450. To meet this difficulty the plaintiffs demand judgment, "that as *preliminary and ancillary to the relief sought in behalf of the femes plaintiffs,* an account may be taken of all the real and personal estate of the testator, which has, or ought to have, come into the hands of the defendants, as Executors, &c."

*Calling this demand for judgment,* that the defendants, as Executors, account for all of the estate of the testator, "*preliminary and ancillary* to the relief sought in behalf of the *femes* plaintiffs," does not make it ancillary and a mere incident. A matter arising collaterally in the progress of a case properly constituted for an account and settlement of a trust fund, in behalf of the three *femes* plaintiffs, when it is perfectly evident that the first thing to be done is to have a settlement

of the whole estate. See *Sprinkle* v. *Hutchison*, 66, N. C. 450. The relief sought in behalf of the *femes* plaintiffs cannot be had, until there is a trust fund ascertained and set apart for them. There has been no settlement of the estate by the two Executors, and no assent by them to the several legacies and devises.

Treating this as a civil action, in the nature of an original bill in equity, for an account and settlement of a trust fund in behalf of the three *femes* plaintiffs, there is a misjoinder in respect to the other three plaintiffs, who are not embraced by the trust, and there is also a misjoinder in respect to the defendant Davis, who has no concern with the management of the trust fund. In short, the subject matter and the parties make a case for the Judge of Probate.

The *primary* subject matter and the parties do not make a case to be commenced in the Superior Court. A change of jurisdiction cannot be effected by an averment, that the judgment demanded in behalf of *all* of the plaintiffs against *both* of the defendants, is "preliminary and ancillary" to the judgment sought in behalf of *three* of the plaintiffs against *one* of the defendants. See *Froelich* v. *Express Company*, at this Term.

No error.

PER CURIAM.                    Judgment affirmed.