M. M. DOYLE and others *v.* JOHN E. BROWN, Guardian *ad litem* of MARY A. LEEPER.

Where a defendant has never been served with process,, nor appeared in person, or by attorney, a judgment against him is not simply void-able, but void; and it may be so treated wherever, and whenever offered, without any direct proceeding to vacate it.

If a record shows one to be plaintiff, when in fact he was not, it stands as where the record shows one to be defendant, when he was not. In both cases, the record is conclusive, until corrected by a direct proceeding for that purpose.

PETITION to set aside a decree and for other relief, heard before *Logan, J.*, at Spring Term, 1874, MECKLENBURG Superior Court.

The following are the substantial facts, as found by the Court, by consent of the parties, and sent up as part of the record.

James Lonnegan died in the county of Mecklenburg, in the year 1860, seized and possessed of a house and lot in the city of Charlotte, and a tract of land in the county of Gaston. Lonnegan had no lineal descendants, but left brothers and sisters, and the children of brothers and sisters, as his heirs-at-law. The plaintiffs are the nephews and nieces, and entitled by representation to one fourth part of his estate.

In December, 1862, a petition was filed in the Court of Equity for Mecklenburg county, for the sale of the real estate

of the said James Lonnegan, for the purpose of a division among the heirs-at-law, including the plaintiffs, now petitioners. At December Term of said Court, a decree was made directing said lands, viz: the house and lot in the city of Charlotte, and the plantation in the county of Gaston, to be sold.

Said real estate was sold on the 22d day of December, 1862, when Edward Lonnegan, one of the petitioners, in his own right, and as next friend for certain minor children, became the last bidder for the town lot, at seven thousand dollars, and that the Gaston county lands brought $7,750 in Confederate money ; John Pendergrast, another of the petitioners, becoming the highest bidder. The bid of Pendergrast was transferred to Young & Winston. At Spring Term of said Court, 1863, the sale was confirmed, the purchasers giving their notes at six months. In the month of May, said notes were paid in Confederate money, and titles made to the purchasers, viz : to Edward Lonnegan, for the town lot, and to Young & Winston for the Gaston plantation.

Afterwards, all the said petitioners, except the plaintiff, recovered from the Clerk and Master their part of the proceeds of said sale. It is further found by the Court, the same question having been heretofore passed upon by a jury, that at the time the said bill in equity was filed for sale of said lands, and at the time of said decree the plaintiffs were non-residents of this State and were residents of the State of Arkansas. That they had no notice or knowledge of the filing of the said bill in equity nor of the said decree and sale, nor of the confirmation thereof; and that the plaintiffs have not in any way assented to or ratified the said proceedings since they came to their knowledge in the year 1867. The Court further finds that Edward Lonnegan either occupied or received the rents of the house in Charlotte up to the time of his death ; that by his last will and testiment he devised the same and lot to the defendant, who has received the rents therefor since the death of Edward Lonnegan.

Upon the foregoing facts it was adjudged by his Honor that the plaintiffs were not estopped by the decree of sale, and that they were tenants in common with the defendant. It was further adjudged that the plaintiffs were entitled to an account for the rents and profits, the use and occupation of the house and lot in Charlotte during the time the defendant has occupied the same. It was thereupon ordered, that the said house and lot be sold for the purpose of a division between the plaintiffs and the defendant, and that an account be taken of the rents, &c., since the death of Edward Lonnegan ; and that the said sale be made at the court house in Charlotte, upon thirty days' notice, on a credit of six and twelve months.

From this judgment the defendant appealed.

*Wilson & Son*, for appellant.
*Vance & Dowd* and *Shipp & Bailey*, contra.

READE, J. Where a defendant has never been served with process, nor appeared in person, or by attorney, a judgment against him is not simply voidable, but void ; and it may be so treated whenever and wherever offered, without any direct proceedings to vacate it. And the reason is, that the want of service of process and the want of appearance, is shown by the record itself, whenever it is offered. It would be otherwise if the record showed service of process or appearance, when in fact there had been none. In such case the judgment would be apparently regular, and would be conclusive until by a direct proceeding for the purpose, it would be vacated.

A plaintiff needs not to be *brought* into Court ; he *comes* in. A judgment is of no force against a person as plaintiff, unless the record shows him to be plaintiff. If the record shows him to be plaintiff, when in fact he was not, then it stands as where the record shows one to be defendant, when he was not. In both cases the record is conclusive until corrected by a direct proceeding for that purpose.

Here the record, sought to be impeached, shows that the plaintiff in this case was plaintiff in that; although in fact she was not. The record must therefore stand against her until it is vacated. And so the defendants insist that this action cannot be maintained; because, they say, the plaintiff is estopped by the record.

But the defendant's error is in misunderstanding the scope of this action. It *is* an action in the nature of a bill in equity, to vacate the said decree, but not alone for that. It sets forth the proceedings and the decree in the former action, and that the plaintiff was not, in fact, a party thereto, and had no knowledge of it, being, at the time, as she is now, a non-resident. And it demands to have the proceedings and decree vacated and declared void. And the facts are found to be as alleged, and the proceedings and decree are in effect vacated and declared void as to the plaintiff. It is true that the action goes farther and demands that the plaintiff be declared a tenant in common with the defendants in the premises, and that they be sold, &c. All this was proper, and yet it is not the less a direct proceeding to impeach the former decree.

There is no error. This will be certified to the end that such further proceedings may be had as the law directs, and the rights of the parties require.

PER CURIAM.                                    Judgment affirmed.