JOS. THAMES et als. v. HENRY JONES et als.

*Action to Recover Land—Demurrer—Parties—Tenants in Common.*

1. Where the complaint in an action against several defendants to recover land, described the *locus in quo* as several tracts adjoining each other and situated in the counties of Cumberland and Bladen, of which the defendants are in possession and wrongfully withhold from the plaintiffs; *It was held,* that under this allegation, the Superior Court of Cumberland had jurisdiction.

2. Where the parties in interest are very numerous, and it is impracticable to bring them all before the Court, one or more may sue or defend for the benefit of all, but how far those not actually before the Court may be affected by the judgment, is left open.

3. One tenant in common may sue without joining his co-tenants for the recovery of the possession of the common property.

4. The statement in a complaint of redundant matter, or of evidential facts, is no ground for demurrer.

5. So, where in an action to recover land, the plaintiff sets out his claim of title, the allegations in this respect cannot render the complaint demurrable on the ground that it joins several distinct causes of action.

6. Where in an action to recover several tracts of land, in the separate possession of several defendants, the complaint does not allege of which tract each defendant is in possession; *It was held*, that it constituted no ground for demurrer.

(*Bronson* v. *The Insurance Co.*, 85 N. C., 414: *Young* v. *Greenlee*, 90 N. C., 319; *Best* v. *Clyde*, 86 N. C., 4; cited and approved).

This was an ACTION TO RECOVER LAND, brought by Joseph Thames and twenty others against Henry Jones and eighteen others, tried, on demurrer, before *Avery, Judge,* at Spring Term, 1885, of CUMBERLAND Superior Court.

The complaint alleges that the plaintiffs are owners in fee simple and entitled to the possession of certain tracts of land, described in the first allegation of the complaint as adjoining each other, and situated on the east side of the Northwest branch of the Cape Fear river, and in the counties of Bladen and Cumberland.

The boundaries of the several tracts, sixteen in number, are separately set out at length. The 1st, known as the Daniel Bean tract, containing 400 acres; 2d, the John Bean tract, containing 250 acres; 3d, part of the Smith tract, containing 240 acres; 4th, the tract patented by Joseph Thames, November 14th, 1809, containing 41 acres; 5th, four tracts containing in the aggregate 291 acres; 6th, one tract of 50 acres, and also one of 170 acres; 7th, a tract of 154 acres;

8th, a tract of 181 acres; 9th, a tract of 29 acres; 10th, a tract of 100 acres; 11th, one half of a tract of 262 acres; 12th, a tract of 200 acres; 13th, a tract of 300 acres; 14th, one half of a tract of 640 acres; 15th, one half of a tract of 300 acres; 16th, one half of a tract of 250 acres.

That the defendants claim title to said lands either directly or by *mesne* conveyances from John T. Gilmore, who conveyed said lands to Stephen Hollingsworth, by deed dated the 5th day of November, 1836, duly recorded in the register's office of Cumberland county, on the 27th day of January, 1848, in Book W, No. 2, page 245.

That said John T. Gilmore, by the last will and testament of Joseph Thames, (under whom said Gilmore claimed and held the lands), only had a life estate in said lands.

That said John T. Gilmore died before the commencement of this action, viz., about the year 1863 or 1864, and thereupon his estate and that of those claiming under him expired.

That the plaintiffs and those under whom they claim, are entitled, under the will of said Joseph Thames, to the estate in remainder in all of the aforesaid lands, after the expiration of the aforesaid life estate of the said John T. Gilmore.

That the said John T. Gilmore died after he had arrived at the age of twenty-one years without children begotten in wedlock.

That the defendants are unlawfully in the possession of the aforesaid lands, and wrongfully withhold the possession thereof from the plaintiffs.

The plaintiffs demand judgment:

I. That under the will of said Joseph Thames, they are entitled to an estate in fee simple in all of the aforesaid lands, in remainder, after the death of John T. Gilmore, the life tenant.

II. For the possession of said lands.

III. For the rents and profits of said lands for the three years next immediately preceding the commencement of this action.

IV. For five thousand dollars damages for the withholding of the possession thereof.

The defendants' demurrer to the complaint is on the following grounds:

I. That, as appears by the complaint, the Court had no jurisdiction of the subject of action, because a part of the lands described in the complaint is said to be in the county of Bladen, and it is not stated in said complaint which tracts of said land lie in the county of Bladen, and which in the county of Cumberland.

II. That, as appears by the complaint, there is a defect of parties plaintiff, the plaintiffs named in said complaint suing in behalf of all other heirs of David Thames, and others, without giving any reasons why the said heirs should not be named in the complaint.

III. That it appears by the complaint, that several causes of action have been united against these defendants.

IV. The complaint does not state facts sufficient to constitute a cause of action, in this, that it does not state which tracts are in possession of each defendant.

At the May Term, 1884, the following order was made by Philips, Judge, to which the defendants excepted:

"This cause coming on to be considered at this Term, and it appearing to the satisfaction of the Court, upon statements of counsel and inspection of the record in this action:

I. That this action involves questions of a common or general interest of many persons.

II. That the parties, both plaintiff and defendant, who have an interest in this action, are very numerous; that some of them have died since the commencement of this action; that this action has been pending in this Court since the 30th day of December, 1876, and that it is impracticable to bring

all the parties, either plaintiff or defendant, before the Court:

To the end, therefore, that there may be a more speedy determination of this cause on its merits, it is now ordered by the Court that those persons named as the plaintiffs in the summons and complaint who are still living, or the last survivors of them be, and they are hereby permitted by the Court, to prosecute this action to a final determination for and in behalf of themselves and all other persons interested herein as plaintiffs. And it is further ordered by the Court, that those named in the summons and complaint, who are parties defendant to this action, and who have been brought into Court as parties defendant by service of process heretofore, who are still living, or the last survivors of them, be, and they are hereby permitted, to defend this action for the benefit of themselves and all other persons having or claiming to have " an interest in the controversy involved in this action adverse to the plaintiff."

At the Spring Term, 1885, Avery, Judge, gave judgment sustaining the demurrer, and from this judgment the plaintiffs appealed.

*Mr. John W. Hinsdale*, for the plaintiffs.
*Mr. E. R. Stamps*, for the defendants.

DAVIS, J., (after stating the facts). The demurrer cannot be sustained upon any one of the grounds stated. Actions for the recovery of real property must be brought in the county in which the subject of the action, or some part thereof, is situated. It may be, that some of the tracts are wholly in the county of Bladen, and are in the separate possession of some of the defendants, but the complaint alleges broadly, that the defendants are in possession and wrongfully withhold the said land, and it is sufficient to give jurisdiction to the Superior Court of Cumberland

county, and this disposes of the first alleged ground of demurrer.

Where the parties, as manifestly appears in this case, "may be very numerous, and it may be impracticable to bring them all before the Court, one or more may sue or defend for the benefit of the whole." *The Code*, §185; *Bronson* v. *Insurance Company*, 85 N. C., 414. It was clearly within the power of the Court to make the order permitting the persons named as plaintiffs to sue for all, and the persons named as defendants, to defend for all. As to how far the judgment may affect persons made parties under this order, we express no opinion. But independent of this, any one or more of several tenants in common may sue for the recovery of the possession of land wrongfully withheld. *Young* v. *Greenlee*, 90 N. C., 319, and the cases there cited. This disposes of the second ground of demurrer.

Upon an examination of the complaint, we are unable to discover the misjoinder of several causes of action, made the third ground of demurrer. It is true, that the plaintiffs allege title under the will of Joseph Thames, and that the defendants claim under conveyance from John T. Gilmore, but these are unnecessary statements of the chain of title relied on by the plaintiffs and defendants respectively, and are not alleged as causes of action. They are unnecessary, and might well have been omitted or stricken out, but they furnish no ground for demurrer. *Best* v. *Clyde*, 86 N. C., 4. And this disposes of the third ground of demurrer.

The fourth ground of demurrer cannot be sustained. The complaint does state ground sufficient to constitute a cause of action, and the objection that the complaint does not state which tracts are in possession of each defendant, cannot be taken by demurrer. The complaint alleges broadly, "that the defendants are unlawfully in the possession of the aforesaid lands, and wrongfully withhold the possession thereof from the plaintiffs," and if any of the

defendants are not in possession of all, they can disclaim as to the part not claimed.

There was error. Let this be certified, and the case re-manded, to be proceeded with according to law.

Error.                                                    Reversed.