W. W. LEWIS v. JOHN L. ROPER LUMBER COMPANY.

*Color of Title—Deed—Evidence.*

A deed, conveying a tract of land situate in two counties, having been duly admitted to probate in one, its execution is thereby sufficiently established to make it competent evidence, as color of title, to the lands located in the other county.

This was an ACTION to recover damages for an alleged trespass on land, and cutting and taking timber therefrom, tried at Spring Term, 1891, of WASHINGTON Superior Court, *Bryan, J.,* presiding.

The defendant denied the allegations of the complaint, and claimed that it was the owner in *fee* of the land upon which the trespass is alleged to have been committed.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Mr. S. B. Spruill* (by brief), for plaintiff.
*Mr. Charles L. Pettigrew,* for defendant.

DAVIS, J.: Among other questions presented by the case on appeal, is the following: The defendant offered, as a link in his chain of title, a deed for land lying in Washington and Tyrrell counties, including the *locus in quo.* This deed had been properly proved and registered in the county of Tyrrell, but had not been registered in Washington County. This deed defendant also offered as color of title.

Plaintiff objected to the introduction of this deed because it had not been registered in Washington County, unless the execution of the same should be proved. The Court excluded the deed, and the defendant excepted.

There was evidence tending to show that the defendant, and those under whom he claims, had been in the continuous

possession of the land in controversy for more than seven years.

We think the deed offered in evidence constituted color of title, and that there was error in excluding it.

The deed had been properly proven and registered in Tyrrell County, the land lying in both Tyrrell and Washington counties, and *The Code*, § 1248, provides that, "Where real estate is situate in two or more counties, probate of the deed or other instrument conveying or concerning the same, made before the Clerk of the Superior Court of either of said counties, is sufficient."

It is the continuous possession of land, under *color* of title, for the statutory period that confers title, and not the *validity* of the instrument constituting *color* of title.

The possession puts everybody upon notice as to the possessor's title or claim of title, whether legal or equitable, registered or unregistered, and it is well settled that a deed, whether registered or not, is good as color of title. *Campbell* v. *McArthur*, 2 Hawks, 33; *Hardin* v. *Barrett*, 6 Jones, 159; *Brown* v. *Brown*, 106 N. C., 451.

The deed had been proved in a Court of original and competent jurisdiction, and the defendant was entitled to the benefit of it as evidence in making out his chain of title to the land in controversy. *Edwards* v. *Cobb*, 95 N. C., 4; *Evans* v. *Etheridge*, 99 N. C., 43, and cases there cited.

There were other exceptions presented in the case on appeal, but we deem it unnecessary to consider them. There was error in excluding the deed offered as color of title, and the defendant is entitled to a new trial.

Error.