J. H. CRABTREE, et al. v. C. J. SCHEELKY, et al.

*Appeal—Practice—Consent Orders.*

1. Findings of fact as to whether land sold at judicial sale brought a full and fair price are not reviewable on appeal.

2. A consent order that judgment of confirmation of a judicial sale may be entered up in vacation, and outside the county where the action is pending, is valid, as also an agreement that motion for such confirmation may be made and heard before either the resident or riding judge of the district, at any time or place, either within or without the district, upon certain notice of the time, place and judge ; and a decree entered accordingly is legal and valid.

3. Consent orders, waiving objection to venue, when a court has general jurisdiction of the subject-matter, are valid, independent of Ch. 33, Acts of 1883, (Sect. 337 of *The Code*,) which provides expressly that such orders may be made as to injunctions.

CRABTREE *v.* SCHEELKY.

MOTION, on behalf of the plaintiffs, to confirm a sale of certain real estate, heard before *Bryan*, resident *Judge* of the Second Judicial District, *at Chambers*, in Newbern, on the 22nd day of September, 1896, said sale having been made under a judgment rendered in the action at Spring Term, 1896, of CRAVEN Superior Court, which contained the following clause:

" And it is further ordered, by consent, that in case of a sale the Commissioner shall report the same to the resident judge, or the judge riding in the district, and a motion to confirm the said sale may be made before said judge *at Chambers*, at any point in or out of said district and county of Craven, upon a notice of ten (10) days to the defendants, and upon the confirmation of said sale or sales, and the payment of the purchase money, the said Commissioner is hereby authorized, instructed and empowered to make title to the purchaser or purchasers thereof for said land. And the Commissioner is authorized to employ a surveyor to definitely lay off said lots."

The defendants resisted the motion for confirmation of the sale upon the ground that the price bid was not a full and fair price, and offered affidavits to that effect, in opposition to affidavits offered on behalf of the plaintiffs to the effect that the price was fair, &c. His Honor confirmed the sale, and defendants excepted and appealed.

*Messrs. M. D. W. Stevenson* and *Clark & Guion*, for plaintiffs.

*Mr. W. D. McIver*, for defendants (appellants).

CLARK, J.: The finding of fact that the land at the sale under judicial decree brought a full and fair price is not reviewable on appeal. *Trull* v. *Rice*, 92 N. C., 572; Clark's Code, (2d Ed.,) pp. 567, 568, and Supp. to same, p. 85.

CRABTREE *v.* SCHEELKY.

The consent order that judgment of confirmation might be entered up in vacation and outside the county was valid. *Skinner* v. *Terry*, 107 N. C., 103; *Bank* v. *Gilmer*, 118 N. C., 668. The further agreement that motion for such judgment might be made either before the judge riding the district or the resident judge thereof, upon ten days' notice of the time, place and judge, was likewise valid. The resident judge had general jurisdiction, and his exercising it in this case was not a defect of jurisdiction, which cannot be conferred by consent, but an objection to the venue, which is waived unless objected to. The parties having consented to the resident judge hearing the motion cannot be heard to except. The Act of 1883, Ch. 33, now *The Code*, Sec. 337, expressly provides that such consent orders may be made as to injunctions, *Hamilton* v. *Icard*, 112 N. C., 589; but we take it that consent orders, waiving objections to the venue, when a court has general jurisdiction of the subject-matter, are valid, independent of that statute, and applicable in all cases. Practically, this must often be a convenience to suitors and counsel and, as such course can only be taken by consent, we cannot see that any hardship therefrom is likely to arise.

No Error.