COOPER v. COOPER.

(December 22, 1900.)

1. *Injunction—Venue—Objections—Waiver—The     Code,
   Sec. 337—Divorce.*

> Where an injunction to the hearing is granted, in a district
> other than that in which the action is pending, each party
> appearing by attorney and not objecting to the venue, the
> objection is deemed waived.

(For additional syllibi, see *Cooper v. Cooper*, at this term.)

CIVIL ACTION by Hannah G. Cooper against A. D. and
W. M. Cooper, heard by Judge *O. H. Allen,* at August Term,
1900, of BUNCOMBE Superior Court.    From judgment re-
straining collection under the judgment, the defendants ap-
pealed.

*W. R. Whilson,* for the plaintiff.
*B. F. Long* and *George B. Nicholson,* for the defendants.

CLARK, J.    This is an action to set aside a judgment for
$5,000 obtained by one of the defendants against the other
in Iredell Superior Court, and asks an injunction against
sale under the execution issued on said judgment.    The par-
ties are the same as in *Cooper v. Cooper* (at this term); and
the facts are the same, except as to the amount of the judg-
ment (which in this case is not by confession), and the court

in which it was obtained.    Hence this case is governed by the·
opinion in that.    The appellants, indeed, make the addi-
tional objection that the injunction to the · hearing was·
granted at Asheville, in the Twelfth Judicial District, in this
action, which was pending in Iredell Superior Court, in the·
Eighth Judicial District.    This objection would have been
effective if made at the hearing of the motion to continue
the injunction to the hearing.    *Hamilton v. Icard,* 112 N. C.,.
589.    But no objection was made at the time, and the point
was only referred to when making up the case on appeal.
The objection, being in the nature of an objection to the
venue, must be deemed to have been waived.    Indeed, The
Code (sec. 337) expressly provides that the parties may by
stipulation in writing agree that any specified Judge may
hear such motion for an injunction to the hearing, and for-
ward the papers to said Judge, with the agreement attached.
There being no inherent defect of jurisdiction, therefore, the
personal appearance of counsel before such other Judge, and
argument without exception taken, must be taken as a waiver.
*Crabtree v. Scheelky,* 119 N. C., 56.    Had the exception
been taken, Judge Allen would, of course, have sent the
papers to the proper Judge.    An injunction granted under·
such circumstances, should not be held either void or erro-
neous because of defect of venue.    But, for the reasons given
in the case between same parties at this term in the appeal
from Buncombe, we must hold that the injunction was im-
providently granted.

Reversed.