PETER McKELLAR ET AL. v. MALCOLM McKAY AND WIFE, ANNABELLA McKAY, ET AL.

(Filed 18 October, 1911.)

1. Appeal and Error—Evidence—Nonsuit, Premature.

It is reversible error for the trial judge to sustain a motion to nonsuit upon plaintiff's evidence before he has rested his case. Revisal, sec. 39.

McKellar *v.* McKay.

2. Same.

> While it is within the discretion of the trial judge to refuse to allow the plaintiff to amend his complaint, in an action involving title to lands, so as to allege matters upon which to ask for equitable relief, it is error, upon his refusal to do so, to grant defendant's motion of nonsuit before the plaintiff had rested his case, so as to preclude him from showing in proper instances that a deed under which the defendant claimed was obtained under a proceeding void upon its face.   Revisal, sec. 39.

3. Executors and Administrators—Deeds and Conveyances—Proceedings Void Upon Their Face—Collateral Attack.

> Proceedings by an administrator to sell lands to make assets, which are void upon their face, may be collaterally attacked.

4. Deeds and Conveyances—Executors and Administrators—Special Proceedings to Sell Land—Destroyed Records—Void Deed—Parol Evidence.

> In an action involving title to land, defendant claimed under an administrator's sale in an adjoining county, the deed of the administrator being put in evidence by plaintiff for the purpose of attacking it:   *Held*, it was competent for the plaintiff to introduce parol evidence of the contents of the records in the adjoining county, which had been destroyed by fire, to show that the special proceeding by the administrator to sell the land was void on its face.

Appeal from *Cooke, J.,* at May Term, 1911, of Cumberland.

Partition proceedings.   From the judgment entered by. the judge the plaintiffs appealed.

*Q. K. Nimocks and Sinclair & Dye for plaintiffs.*

*Rose & Rose, J. G. Shaw, J. A. Murchison, and King & Kimball for defendants.*

Brown, J.   This proceeding for partition of the land described in the pleadings was commenced in 1882, and appears never to have been brought to a final conclusion.   It appears that on 7 May, 1910, a new and amended petition for partition was filed, and other defendants, to wit, J. H. Alexander and the Buckthorn Lodge Association, made parties defendant.

The latter answered, claiming sole seizin of the land under a deed from J. H. Alexander, which the plaintiffs aver in their petition is null and void.

On the trial for the purpose of attacking them, plaintiffs introduced the three deeds under which the lodge association claims, A. M. McKay, administrator of Henrietta McKellar, to Annabella McKay, W. T. McKay and wife to J. H. Alexander, and deed from the latter to the lodge association.

Plaintiffs then introduced the clerk of the court, who testified as to loss of original petition in this proceeding, and J. A. Howard, who testified as to condition of the land. The record, referring to Howard's evidence and subsequent proceedings, contains the following: "To all of the foregoing evidence given by the witness Howard the defendants in apt time objected. Objections overruled, and defendants excepted.

"Q. Who sold the property, Mr. Howard? (Objections by the defendants; sustained, and plaintiffs except.)"

At this juncture the plaintiffs moved to amend their complaint. To this the defendants, and each of them, objected, and each moved the court to dismiss the action. The court overruled the motion by plaintiffs, so far as J. H. Alexander and the Buckthorn Lodge were concerned, to amend, and likewise the motion of the defendants Malcolm McN. McKay and wife, V. C. McKay, and sustained the motion of J. H. Alexander and Buckthorn Lodge Association. The plaintiffs excepted.

Judgment, and plaintiffs again excepted and appealed in open court to the Supreme Court.

The error assigned is that his Honor prematurely dismissed the action as to the principal defendants before plaintiffs had rested their case.

In doing so we are of opinion the learned and careful judge inadvertently erred. The principal defendant is the lodge association, which claims to be sole seized in fee of the land under an administration sale made in Harnett County in 1880. This sale and the deed made in pursuance of it are open to attack. It is true his Honor refused to allow an amendment to the petition, asked presumably for the purpose of setting up facts upon which to ask equitable relief. But it was still open to plaintiffs to offer parol evidence, if they could, of the contents of the records in Harnett County destroyed by fire, with

a view to show that the special proceeding by the administrator to sell the land was void on its face. It is well settled that a proceeding absolutely void on its face may be attacked collaterally. *Harrison v. Hargrove,* 109 N. C., 346. Perhaps plaintiff may have had other evidence to offer.

It is true that every presumption is in favor of the jurisdiction of the Harnett court, and also of the regularity of the special proceeding to sell the land, and it may be the plaintiffs could offer no competent evidence to rebut and overturn such presumption; but they were cut off from the opportunity. We have no means of knowing what they could have offered in evidence.

When plaintiff rested, it was the defendant's privilege to move to nonsuit, and not before. The language of the statute is specific: "When on trial of an issue of fact in a civil action or special proceeding the plaintiff shall have produced his evidence and *rested* his case, the defendant may move to dismiss the action, or for judgment as in case of nonsuit." Revisal, sec. 39.

New trial.