KANAWHA HARDWOOD COMPANY v. FRANK WALDO ET AL.

(Filed 14 December, 1912.)

1. State's Lands — Grants—Fraud—Venue—Revisal—Interpretation of Statutes—*In Pari* Materia.

The various parts or sections of the Revisal of 1905 that are *in pari materia* are considered one and the same statute, and should be so construed as to determine the true intent of the Legislature, and "its clauses and phrases should not be studied as detached and isolated expressions, but the whole and every part of the statute must be considered in fixing the meaning of any of its parts," and to give effect, if possible, to all of its clauses and provisions.

2. Same—Land in Several Counties.

While section 1748, Revisal of 1905, provides that any one claiming land under certain grants or patents, considering himself aggrieved by their issuance to any other person since the year 1776, against law or obtained by false suggestion, surprise, or fraud, may bring his action in the Superior Court of the county in which such land may be, for the purpose of having the grant repealed or vacated, etc., it should be construed in connection with section 419 of the Revisal, which provides that an action for the recovery of real property, etc., shall be tried in the county in which the subject of the action or some part thereof is situated; and when it appears, in an action for the cancellation of several grants, brought under the provisions of Revisal, sec. 1748, some of which lay in a different county from that wherein the action was brought, that the allegation of fraud and false suggestion involve one and the same transaction, affecting each and all of the grants, the subject of the litigation, it comes within the provision of section 419, and it is unnecessary to bring a separate action in respect to the grants issued in the other county, some of the lands, the subject of the action, lying in the county wherein the action was brought.

APPEAL by defendant from *Long, J.,* at August Term, 1912, of CHEROKEE.

Civil action, under section 1748 of the Revisal, to have canceled and declared void certain grants issued by the State of North Carolina to the defendants. There are involved in the suit between twenty-five and thirty grants, and the lands covered by all except three of the grants lie in Graham County.

The defendants moved to have said action, so far as it affected the lands in Graham County, removed to Graham for trial, and in support of their motion filed an affidavit. The plaintiffs filed a counter-affidavit. After argument of counsel, the court refused the motion of defendants and made an order to that effect. Defendants excepted to the ruling and order of the court, and appealed in open court to the Supreme Court.

*Witherspoon & Witherspoon and Dillard & Hill for plaintiff.*
*J. H. Merrimon, J. N. Moody, and E. B. Norvell for defendant.*

HOKE, J. Section 1748 of Revisal 1905 provides in effect that any one, claiming land under certain grants or patents, considering himself aggrieved by the issuance of any grant or patent to any other person since the year 1776, against law or obtained by false suggestion, surprise, or fraud, may bring his action in the Superior Court of the *county in which such land may be,* for the purpose of having said grant repealed or vacated, etc. In section 419, Revisal, being title VII, Civil Procedure, subject Venue, it is provided: That actions for the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest and for injuries thereto, shall be tried in the county in which the *subject of the action* or *some part thereof is situate.* The Revisal, enacted at the same session of the Legislature, is properly considered one and the same statute, and is subject, particularly those portions which are *in pari materia,* to the well-recognized rules of construction: "That in order to determine the true intent of the Legislature, the particular clauses and phrases should not be studied as detached and isolated expressions, but the whole and every part of the statute must be considered in fixing the meaning of any of its parts." · And again, "Statutes should be so construed, if possible, as to give effect to all of the clauses and provisions." Black Int. Laws, p. 166. These rules are in accord with well-considered decisions here and elsewhere (*Rodgers v. Bell,* 156 N. C., 385; *S. v. Lewis,* 142 N. C., 626; *Winslow v. Morton,* 118 N. C., 491; *Simonton v. Lanier,* 71

N. C., 498), and applied to the present case, fully support the ruling made by his Honor. From a perusal of the pleadings, it appears that the allegations of fraud and false suggestion involve one and the same transaction, affecting each and all of the grants, the subject of this litigation, and the cause comes well within the provision of 412, that actions for the determination, in any form, of a right or interest in real estate shall be had in the county "where the subject of the action or some part thereof is situate" (*Thames v. Jones,* 97 N. C., 126), leaving section 1748 to control in cases where there are separate transactions affecting distinct pieces of property lying wholly in different counties. There is no error, and the judgment of the Superior Court is affirmed.

No error.