This is a submission of controversy without action under C. S., 626, wherein plaintiff seeks to require defendant to accept and pay for certain land in Guilford County, according to the terms of a written contract of sale, and defendant declines to accept and pay the contract price therefor on the ground that plaintiff's title to said lands is defective. Judgment for defendant. Reversed and remanded.
The parties stipulated that the title offered was in fee simple and indefeasible, except as to defects alleged by defendant which may be summarized as follows:
1. No power of sale given to the executor, Greensboro Loan Trust Company, in the will of O. R. Cox, deceased, who was an owner of locus inquo at the time of his death.
2. That the clerk of the Superior Court of Randolph County had no jurisdiction to entertain the special proceeding entitled, "Greensboro Loan Trust Company, Executor, v. Sarah E. Cox et al.," and to make and confirm the orders of sale therein.
3. That the foreclosure of the Steele mortgage was invalid, for that the sale was conducted in the city of High Point at the Wachovia Bank Trust Company building.
It appears from the agreed facts herein that a suit was instituted in Randolph Superior Court, and a decree entered in 1913, construing the will of O. R. Cox, deceased.
In 1917 the Greensboro Loan Trust Company, executor of O. R. Cox, filed its petition before the clerk of Randolph Superior Court to sell the realty, so as to make a distribution thereof in accordance with the will of O. R. Cox, deceased, as construed in this decree. The said will, among other provisions, contains the following:
"My wife, Sarah E. Cox, and my children, or their heirs, shall first be made equal with A. F. Cox in the distribution of my estate; after this is done my estate shall be divided equally between, or as near as possible, between Sarah E. Cox and my living children or their heirs.
"This apportionment to be made by the president and secretary and treasurer of my executor, hereinafter named, and one other disinterested party, to be selected by them should they desire assistance."
The locus in quo is a part of the O. R. Cox estate, and is situate in the county of Guilford and in the city of High Point, but not adjoining the Wachovia Bank Trust Company building site.
In plaintiff's title there is a mortgagee's deed executed by one E. D. Steele, resulting from a sale under the power of sale contained in a mortgage which did not specify the place of sale in case of default. The sale was had, however, in front of the Wachovia Bank Trust *Page 706 
Company building, in High Point, and this is a prominent and conspicuous place where sales customarily take place.
The mortgagor, Erie H. Hedgecock (who had assumed the mortgage indebtedness by special contract), was present at the sale and made no objection to the sale; and the lands brought an adequate price.
The trial court rendered judgment in favor of the defendant on all questions presented, and plaintiff excepted and appealed.
The will of O. R. Cox, deceased, did not confer on the Greensboro Loan 
Trust Company, the executor, the power of sale of the lands devised; this will, however, did enjoin upon the executor a duty to carry out its provisions, and it directed the "apportionment" of this estate, both real and personal, to be made by the president, secretary and treasurer of the Greensboro Loan Trust Company, providing that one other, a disinterested party, might be called in by these officers of the executor, if they desired any assistance. In the suit in Randolph Superior Court, instituted by the executor against the devisees of O. R. Cox for a construction of this will and for advice as to the proper administration of said estate, a decree was rendered in 1913, wherein it was adjudged that the executor should distribute said property in accordance with this decree. This decree determined the intention of O. R. Cox to be that his wife, Sarah E. Cox, and his children, other than John Clyde Cox and Lewis Tax Cox, should first be made equal with A. F. Cox in the distribution of his estate out of the real and personal property other than his home place and certain personal effects on the premises, and that the balance of his real and personal property should be equally divided among his wife and children, and that if John Clyde Cox and Lewis Tax Cox failed to comply with certain conditions named in the will, then the personal property and real estate given to Sarah E. Cox for life should be divided equally among all the children of O. R. Cox, deceased, or their heirs, at her death. The testator desired that these officers of his executor, whoever they might be at the time of his death, should make this "apportionment" by actual partition, if practicable. It is also clear that he did not intend to require them to make an actual partition if such could not be had without injury to the several devisees, or any of them. He desired equality in this division on the basis named in his will. The testator named for this important duty those parties who had been elected officers of the Greensboro Loan Trust Company. The "apportionment" was a duty of the executor to be performed, if actual partition *Page 707 
was practicable, by its named officers. This provision in the will was only the machinery for the "apportionment" by actual partition, instead of leaving this to be provided for by the board of directors. These officers, so designated, found that an actual partition could not be had without injury to the several parties interested; they were clothed with the duty and the power to determine this, and when they so determined, their decision was accepted by the executor. This appears in the petition filed in the partition proceeding and is admitted in all the answers filed, and then found as a fact by the court. These officers had performed their duty as fully as if they had found it to be practical to make actual "apportionment" or partition. In this situation, the question was not presented to the clerk of the Superior Court of Randolph County for him to determine whether they ought to make the apportionment or not.
The executor desiring to perform its duty, as set out in the will, and as determined in the decree rendered by the Superior Court of Randolph County construing the said will and advising the executor, applied to the clerk of the Superior Court of Randolph County in 1917, upon petition in due form, asking for partition by sale in order to complete the settlement of the estate committed to it by the will of O. R. Cox. In due course an order of sale was entered, executed, and title made to plaintiff for thelocus in quo upon payment of his bid, which was a fair value for the property.
This partition proceeding is attacked in the instant case by the defendant, as noted above.
This attack on the judgment in the partition proceeding is indirect and collateral. Only void judgments are subject to such an attack. Moore v.Packer, 174 N.C. 665; Reynolds v. Cotton Mills, 177 N.C. 412.
The invalidity must appear affirmatively, either on the face of the record or in one of the accepted ways, in order to permit a successful collateral attack. McKellar v. McKay, 156 N.C. 283; Harrison v. Hargrove,109 N.C. 346; Smathers v. Sprouse, 144 N.C. 637; Brickhouse v. Sutton,99 N.C. 103; Doyle v. Brown, 72 N.C. 393; Lynn v. Lowe, 88 N.C. 478;Burgess v. Kirby, 94 N.C. 575, 579.
There is, in this State, one apparent exception to the rule set forth in these cases as applied to probate courts. If the person alleged to be dead is not, in fact, dead, this prevents the probate court from granting letters of administration or administering his estate. Springer v.Shavender, 116 N.C. 12; Springer v. Shavender, 118 N.C. 33; Fann v. R.R., 155 N.C. p. 140; Bernhardt v. Brown, 119 N.C. p. 507; Trimmer v.Gorman, 129 N.C. p. 163; Dowd v. Watson, 105 N.C. 476; Batchelor v.Overton, 158 N.C. p. 398. *Page 708 
Bailey on Jurisdiction, vol. 1, p. 182, classes North Carolina as one of the States holding that decrees of probate courts are entitled to the same presumptive validity as decrees of courts of general jurisdiction, but notes Springer v. Shavender, supra, as establishing the exception.
A void judgment is not a judgment and may always be treated as a nullity. It lacks some essential element; it has no force whatever; it may be quashed ex mero motu. Stallings v. Gully, 48 N.C. 344; McKee v. Angel,90 N.C. 60; Carter v. Rountree, 109 N.C. 29; Mann v. Mann, 176 N.C. 353;Moore v. Packer, 174 N.C. 665; Burgess v. Kirby, supra; McKeller v.McKay, supra; Harrison v. Hargrove, supra; Smathers v. Sprouse, supra; Balkv. Harris, 122 N.C. 64; Hervey v. Edmonds, 68 N.C. 243; May v. Getty,140 N.C. 310; Dalton v. Webster, 82 N.C. 279.
A lack of jurisdiction or power in the court entering the judgment always avoids the judgment. This is equally true when the court has not been given the jurisdiction of the subject-matter, or has failed to obtain jurisdiction on account of a lack of service of proper process. Johnson v.Whilden, 171 N.C. 153; Starnes v. Thompson, 173 N.C. 466; Massie v.Hainey, 165 N.C. 178; Graves v. Reidsville, 182 N.C. 331; Pinnell v.Burroughs, 168 N.C. 315; Doyle v. Brown, 72 N.C. 393; McCauley v.McCauley, 122 N.C. 288.
In Card v. Finch, 142 N.C. 144, Mr. Justice Connor says: "It is axiomatic, at least in American jurisprudence, that a judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void and may be treated as a nullity whenever it is brought to the attention of the court. We think that no case can be found in the courts of this country, State or Federal, in which this principle is questioned. Certainly in this jurisdiction it is fundamental." Citing Doyle v. Brown, supra; Condry v. Cheshire, 88 N.C. 375;Lynn v. Lowe, 88 N.C. 478; Harrison v. Harrison, 106 N.C. 282.
In Card v. Finch, supra, the authorities are collected and distinguished with clearness and with a full and proper regard of the right of all citizens to "due process of law." Mr. Justice Connor was entirely familiar with this doctrine and he believed and trusted in it as a basic principle of law and government.
There is a wide distinction (which is especially prominent in determining the methods of attack) between judgments that are void and judgments that are only voidable. The former yield to collateral attack, but the latter never yield to a collateral attack. It requires a direct attack to set aside or correct a voidable judgment. McKeller v. McKay,supra; Harrison v. Hargrove, supra; Pinnell v. Burroughs, *Page 709 supra; Glisson v. Glisson, 153 N.C. 185; Rackley v. Roberts,147 N.C. p. 204; Doyle v. Brown, supra; Grant v. Harrell, 109 N.C. 78;Carter v.Rountree, supra; Yarborough v. Moore, 151 N.C. 116; Millsaps v. Estes,137 N.C. 544; Carraway v. Lassiter, 139 N.C. 145.
Judgments that are voidable for some irregularity, until impeached or set aside, according to the recognized methods of direct attack, estop all parties thereto. A void judgment has not the essential virtue of a judgment and it has no force to estop any person. It does not obligate the parties thereto to protect the rights of subsequent purchasers who claim under such judgment. Springer v. Shavender, supra; Card v. Finch, supra; Pinnell v.Burroughs, supra.
The defendant challenges the validity of the partition proceeding in Randolph County in 1917 under which the plaintiff claims title, for that the locus in quo is situated in Guilford County, contending that, at most, the clerk had jurisdiction only of the lands in Randolph County, and that he could not take jurisdiction over any lands in Guilford County unless the Guilford lands were either a part of a tract lying in Randolph and Guilford, or in case the Guilford land adjoined the Randolph land.
This question is not a question of jurisdiction under our present statute, but is only a question of venue. This question was decided against the defendant's contention in In re Skinner's Heirs, 22 N.C. 63. This case holds that land in two counties could be partitioned in one suit instituted in either county. C. S., 3214, said directly: "If the land to be partitioned lies in more than one county, the proceeding may be instituted in either of the counties." In Ellis v. Adderton, 88 N.C. 472, it was held that the probate court of Davidson County had jurisdiction of the petition to make real estate assets, because the land was situate in Davidson County, and because the former rule requiring the application to be made in the court having jurisdiction of the administration had been changed by statute, which is now C. S., 74. The language in C. S., 74, and in C. S., 3214, in this regard, is substantially the same. Mordecai's Law Lectures, 1326.
In fact, this exception, presenting only a question of venue, is open only to the parties to the suit by proper motion, in apt time, to change the venue. It is not vital, even if the venue had been improperly laid. The venue was properly laid in Randolph County under the express terms of the statute (C. S., 3214). Thames v. Jones, 97 N.C. 121.
Venue and jurisdiction must be considered in relation to the remedies provided for removal to the proper county. The Revisal of 1905, with its many provisions, was one act. So was the Consolidated Statutes enacted by the Legislature in 1919. It is proper to consider all the provisions of the Consolidated Statutes as one and the same statute, and *Page 710 
particularly is this true in construing those portions which are in parimateria. It is a well-recognized rule of construction that particular clauses and phrases of a legislative act should not be studied as detached or isolated expressions, but the whole act, as well as every part thereof, must be considered in fixing the meaning, or the meaning of any of its parts, so as to give effect to all of its clauses and provisions. HardwoodCo. v. Waldo, 161 N.C. 196.
A like rule of construction was applied in Sanderson v. Sanderson,178 N.C. 339, as to the Consolidated Statutes.
Venue is not jurisdictional and may be waived, and cannot be tested bydemurrer, but by motion in the cause. Allen-Fleming Co. v. R. R.,145 N.C. 37; Zucker v. Oettinger, 179 N.C. 277; McCullen v. R. R.,146 N.C. 568; Sugg v. Pollard, 184 N.C. 494. This latter case holds that venue now is not jurisdictional and may be Waived. McArthur v. Griffith,147 N.C. 545; Allen-Fleming Co. v. R. R., supra; Garrett v. Bear,144 N.C. 23; Cooper v. Cooper, 127 N.C. 492; McMinn v. Hamilton,77 N.C. 300; Devereux v. Devereux, 81 N.C. 12; Cloman v. Staton,78 N.C. 236; Lafoon v. Sherron, 91 N.C. 370; Morgan v. Bank,93 N.C. 355; County Board v. State Board, 106 N.C. 81; Baruch v. Long,117 N.C. 509; McNeill v. Currie, 117 N.C. 346; Hines v. Vann,118 N.C. 7; Herring v. Pugh, 126 N.C. 582.
Therefore, construing C. S., 469, 470 and 3214, in pari materia, and in the light of the foregoing decisions, venue cannot be jurisdictional and it may always be waived. Pleading to the merits waives defective venue. Brownv. Harding, 170 N.C. 253; Brown v. Harding, 171 N.C. 686; Morgan v.Bank, supra; McMinn v. Hamilton, supra; Lucas v. R. R., 122 N.C. 937. Venue is a matter not to be determined by the common law, but by legislative regulation. Latham v. Latham, 178 N.C. 12; Cooperage Co. v.Lumber Co., 151 N.C. 456.
Chapter 62, Public Laws, Extra Session, 1924, amended C. S., 3214, by making express provision against a like contention hereafter. By so doing, it did not declare the law to have been otherwise theretofore. It was simply declaratory and did not create a new rule.
Therefore, we conclude that the defendant has no power to raise the question of venue affecting the commissioner's deed in plaintiff's chain of title, and that the venue, if properly challenged, was correctly laid, and if not, that the parties waived the same by pleading to the merits. The venue of this partition proceeding was properly laid in Randolph County, not only as to the lands in Randolph County, but as to those in Guilford and Davidson, as well.
The defendant again challenges the validity of this partition proceeding in Randolph County, for that the petitioner therein is not a tenant in common, and that the petition calls for the exercise of distinctly *Page 711 
equitable principles, and that the clerk of the Superior Court had no jurisdiction to entertain the petition.
Clerks of the Superior Court have, by virtue of C. S., 1, probate jurisdiction, such as was formerly exercised by the probate judge. Edwardsv. Cobb, 95 N.C. 4; Lewis v. Roper, 109 N.C. 19. The power of a court of probate to exercise its independent jurisdiction is clearly shown in its methods of practice. In re Johnson, 182 N.C. 522; In re Meadows,185 N.C. 99.
By statute, C. S., 2, the clerk of the Superior Court who first gains and exercises jurisdiction in probate matters acquires sole and exclusive jurisdiction over decedent's estate. The clerk of the Superior Court of Randolph County had domiciliary jurisdiction of the estate of O. R. Cox, deceased. The will was probated there; the situs of the personal property of said estate was there, and a considerable portion of the real property of said estate was in Randolph County. The executor had a duty to perform in the settlement of the said estate, in the "apportionment" or distribution and partition of the same, so as to carry out the express directions of the testator and to effectuate his intent, as adjudged by the Superior Court of Randolph County in 1913, and from the terms of the said will it was necessary to make this "apportionment" of the estate as a part of the settlement imposed upon his executor. Therefore, the resort to the probate court of Randolph County was within the probate jurisdiction of said court. It was necessary in the settlement of the estate of O. R. Cox. A petition to sell lands to pay debts is no more a duty of the executor when such debts exist and cannot be paid out of the personal estate than is the requirement to make the distribution of the property in equality as directed by the testator in the instant case. Hyman v. Jarginan, 65 N.C. 97. Probate jurisdiction includes the power to decree partition, when necessary to settle the estate, in accordance with the will. Edwards v. Cobb,supra; Sprinkle v. Hutchinson, 66 N.C. 450; Hunt v. Snead, 64 N.C. 176. In this latter case, Mr. Justice Rodman discusses probate jurisdiction and holds that when provisional remedies, such as injunction, are necessary and incidental to the exercise of probate jurisdiction, the same may be had upon application to the judge of the Superior Court in the main cause. These remedies are then used as aids to the exercise of the probate jurisdiction. Hutchinson v. Roberts, 67 N.C. 223; Hendrick v.Mayfield, 74 N.C. 626; Barnes v. Brown, 79 N.C. 401; Simpson v. Jones,82 N.C. 323; Stancill v. Gay, 92 N.C. 455; Baker v. Carter, 127 N.C. 92;Hardee v. Williams, 65 N.C. 56; In re Battle, 158 N.C. 388; Millerv. Barnes, 65 N.C. 67; Staley v. Sellars, 65 N.C. 467. The clerk has concurrent jurisdiction in the settlement of estates with the Superior Court. Shober v. Wheeler, *Page 712 144 N.C. p. 409; Haywood v. Haywood, 79 N.C. 42; Fisher v. Trust Co.,138 N.C. 90; Olden v. Rieger, 145 N.C. p. 257; Mordecai's Law Lectures, 1341.
Probate courts in other jurisdictions are held to have the power to partition lands according to the will. 15 C. J., 1016; Blackwell v.Blackwell, 86 Tex. 207; Pelham v. Murray, 64 Tex. 477.
Probate jurisdiction means the exercise of the ordinary power of what,ex vi termini, is generally understood to be the authority of courts of that name, and includes the establishment of wills; the settlement of decedents' estates; the supervision of the guardianship of infants; the control of their property; the allotment of dower and other powers pertaining to this subject. Chadwick v. Chadwick, 6 Mont. 566. In North Carolina partition is included in probate powers under this rule, as well as by statute. The probate forum is often spoken of as limited in jurisdiction, but the powers of this Court are not only general, but plenary in cases where it is authorized to act. Fitzpatrick v. SimonsonBros. Mfg. Co., 86 Minn. 140; Monastes v. Catlin, 6 Ore., 119.
A petition for partition is a special proceeding which is within the original jurisdiction of the probate court. Wahab v. Smith, 82 N.C. 229;Tate v. Powe, 64 N.C. 644; Capps v. Capps, 85 N.C. 408; Baggett v.Jackson, 160 N.C. 26; Geer v. Geer, 109 N.C. 679.
A partition proceeding is governed by the rules applying in equitable cases, and a plaintiff is not entitled to take a voluntary nonsuit. The defendants are entitled to partition, although the plaintiff may, after the proceeding is instituted, find that he is not entitled to partition, or may not desire it, if entitled. Haddock v. Stocks, 167 N.C. 70; Purnell v.Vaughan, 80 N.C. 48. In Haddock v. Stocks, supra, the defendant answered, praying for partition, and the plaintiff was, thereafter, allowed by the clerk to submit to a nonsuit, and this was held to be error in the Superior Court and a trial was had upon the issues raised and the relief granted; and this Court, upon appeal, says: "Any tenant in common, party to the proceeding, without regard to which side of the case he may be arrayed on, whether as plaintiff or as defendant, has a right to prosecute the proceeding to final judgment."
In the partition proceeding attacked in the instant case, each defendant joined in the prayer for partition by sale.
We see no defect in the partition proceeding, which was conducted with great skill and care in all respects in accordance with the rights of the parties, as fixed in the will of O. R. Cox. This was a necessary proceeding in the settlement of the estate of O. R. Cox. The venue was correctly laid. The clerk of the Superior Court of Randolph County had jurisdiction to enter the orders and confirm the sale. The commissioner's deed had the effect to vest a fee-simple title in the purchaser. *Page 713 
The defendant again contends that the Greensboro Loan Trust Company, although executor of O. R. Cox, on account of being named as testamentary guardian of his "minor heirs," is limited to the provision of C. S., 2180, as its only authority to seek partition. This contention is not well founded. C. S., 2180, does not apply either to the settlement of estates or to partition. In fact, when the duties of the Greensboro Loan Trust Company, as executor, appeared to be in conflict with its duties as guardian of the "minor heirs," it was both necessary and proper to have its wards put at "arms'-length" in an adversary proceeding, so that the rights of its wards could be properly protected by a disinterested representation. Mordecai's Law Lectures, 1329; Covington v. Covington, 73 N.C. 168;Carraway v. Lassiter, supra; Irvin v. Harris, ante, 465; Wilson v. Houston,76 N.C. 375; Batts v. Winstead, 77 N.C. 238; George v. High, 85 N.C. 113.
The only other contention set up by the defendant is that the foreclosure of the E. D. Steele mortgage was invalid, for that the mortgage sale under power was had at the Wachovia Bank Trust Company building, in the city of High Point, instead of at the courthouse door in Greensboro. The mortgage did not fix the place of sale, but authorized a sale under the power.
It is in accord with the weight of authority to hold that, when a mortgage or deed in trust contains no stipulation as to the place of sale, but confers the power of sale, this vests in the mortgagee or trustee the sound discretion to select the place of sale so as to conserve and promote the interest of all parties. His duty requires that this selection of a place must be fairly and prudently exercised. A failure to obtain an adequate price is usually fatal to his selection. Jones on Mortgages (6 ed.), sec. 1846; Wiltsie on Mortgage Foreclosure, vol. 2, 1317, sec. 938;Meier v. Meier, 105 Mo., 411; Greenwood v. Fontaine (Tex.), 34 S.W. 826;Morris v. Virginia State Ins. Co., 90 Va. 370; Olcott v. Bynum,84 U.S. 44. This latter case arose in the Circuit Court of North Carolina. This doctrine applies in the absence of a statute to the contrary. We direct attention to C. S., 2590, when the land lies in two or more counties.
The facts admitted in the instant record are that Hedgecock, who had become mortgagor on account of an assumption of the mortgage indebtedness, as well as the other parties interested, were present at the sale, which was open and fair, and made no objection thereto, but acquiesced therein, and that the land was sold for a fair and adequate value. Upon these facts, Hedgecock is estopped to question this sale, and the title is good. Jenkinsv. Daniels, 125 N.C. 161. Hedgecock, however, is not a party to this submission of controversy without action, *Page 714 
and, therefore, the admitted facts are not binding on him. Either of the parties hereto, in the Superior Court of Guilford County, may make Hedgecock a party hereto, to the end that the facts now admitted may be established as against him, if the proof will warrant, so that he may not thereafter question the title to the locus in quo.
Upon the facts admitted in the instant record, the title offered by plaintiff to the defendant is free from defects, and the court was in error in rendering judgment for the defendant.
To the end that judgment may be entered for the plaintiff and such other proceedings may be had herein, in accordance with this opinion as the parties may be advised; let it be entered.
Reversed and remanded.